## ROBERT C. GIVINS

*v.*

### THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901—Rehearing denied February 6, 1902.*

1. SPECIAL ASSESSMENTS—*bid may be rejected if bidders have combined to increase the contract price.* A bid for a public contract under a special assessment ordinance, though it be that of the lowest responsible bidder, may be rejected if it resulted from a combination among the bidders, or the acts of the successful bidder, to stifle competition or increase the contract price.

2. SAME—*property owner must act seasonably to have bid and contract avoided.* If a property owner is advised of reasons which justify the rejection of the bid and the contract thereunder, and desires to have the contract repudiated as detrimental to him, he should take action to have it repudiated without unreasonable delay.

3. SAME—*property owner cannot take benefits of contract and then have it repudiated.* A property owner cannot stand by, with knowledge of facts justifying the repudiation of a contract for a special assessment improvement, until he has secured the benefit of the work and materials of the contractor, and then escape all liability to pay therefor by raising his objections on application for judgment of sale. (*Fishburn* v. *City of Chicago,* 171 Ill. 338, and *Conway* v. *Garden City Paving Co.* 190 id. 89, distinguished.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MASON & NOYES, for appellant.

CHARLES M. WALKER, Corporation Counsel, (EDGAR B. TOLMAN, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment and order of sale of certain lots belonging to the appellant, entered on the application of the appellee treasurer and *ex officio* collector of Cook county for such judgment and order of sale for non-payment of the first installment of a special assessment levied under an ordinance of the city of Chicago providing for the improvement of Longworth avenue, from West Ninety-fifth street to West One Hundred and Seventh street, by curbing, grading and macadamizing the same.

The contract for the construction of the improvement ordered by the ordinance to be made, which was entered into by and between the said city, acting through the board of local improvements, and the Illinois Improvement and Ballast Company, the lowest bidder for such contract at the public letting thereof, contained a specification to the effect the said Improvement and Ballast Company should not employ, or permit to be employed by its sub-contractors, any person or persons other than natural-born or naturalized citizens of the United States. This specification was made the basis of an objection in the county court to the rendition of a judgment against the property of the appellant. The specification does not appear in the ordinance providing for the making of the improvement of the street or in any general or special ordinance of the city; nor was it shown that there was any such requirement in the advertisement for bids for letting the work; or that the said clause was known to bidders or in any way affected the bidding, or that any of the bidders knew, before bidding, that the "alien labor" clause, as such clause or specification is popularly known,

would be required to be inserted in the contract; or that the work was bid for by any one on the basis that "alien labor" could not be employed; or that said clause or specification was anything else than a voluntary arrangement between the city and the successful bidder after the contract had been awarded as the result of open competition; or that said clause in any way affected either the amount of the bid or the cost of the work, or in any manner operated to the prejudice of the objector or of any property owner who properly has been assessed for the cost of said improvement. The state of the record in respect of this objection is the same as the record in the case of *Hamilton* v. *People ex rel.* (*ante*, p. 133.) We there held that the insertion of the clause known as the "alien labor" clause, in the contract alone, had no effect to prejudice the property holder and presented no valid reason for refusing judgment as asked by the collector. On the authority of the decision in that case we must hold that this objection was properly overruled in this case.

Under other objections filed by the appellant to the rendition of judgment against his property, the appellant, not being ready to produce his proof in court at the time of the hearing, adopted the course of stating to the court the state of facts he contended he could prove, and having the court pass upon the sufficiency of such state of facts as a defense to the application of the collector. The following facts were those stated by counsel: "That the Illinois Improvement and Ballast Company was declared the successful bidder at the public letting of the contract to construct the proposed improvement, and that the said Illinois Improvement and Ballast Company has long prior to the bidding in this case, and now does control all the blast and furnace slag in this market; that such slag comes from the Illinois Steel Company's works at South Chicago, and that said improvement company controls and dictates the price of such material, and did so dictate and control the price of said material at the

time of the bidding and the letting of the contract herein, and that said contractor has refused to sell other contractors in this market unless such contractors would agree not to oppose the use of slag on the streets of the city of Chicago; that upon that condition alone it has been possible for other contractors to bid in slag-paving cases, and that said Illinois Improvement and Ballast Company was the only bidder on this improvement; that said improvement company has given the trade, to-wit, the pavement contractors and street building firms of this city, particularly the Dolese & Shepard Company, the largest crushed stone dealers in the west, to understand that no slag would be sold by the company to any of the customers of said Dolese & Shepard if the latter company opposed the use of slag controlled by this company in the pavement of streets in the city of Chicago." But the court held such state of facts, if proven, would not constitute a defense to the application of the collector.

The appellant contends such facts established that the said Improvement and Ballast Company obtained its bid to construct the improvement to be accepted as the lowest bid by stifling competition at the bidding and by limiting the number of bidders; that said Improvement and Ballast Company had created a monopoly in the material to be used in constructing the improvement, and that the bid of said Improvement and Ballast Company, and the contract based upon it, and likewise the special assessment levied to pay the contract price for the work, for these reasons were void and the assessment uncollectible, and that the court erred in adjudging the facts did not preclude the entry of judgment against the lands and lots belonging to him. This position is not tenable. It must be remembered the ordinance providing for the making of the improvement, and all of the proceedings under the ordinance save the letting of the contract to do the work, are regular and valid. The ground of objection to the payment of the benefits accruing to the

property of the appellant by reason of the improvement is, that the acts and conduct of the bidder previous to and at the time of the letting of the contract by public bidding thereof was such as to limit the number of bidders for the contract to do the work, and that this may have enabled the successful bidder to receive a better contract than he otherwise might have been able to obtain. The proffered testimony did not tend to show that the amount to be paid for the work under the letting to the Illinois Improvement and Ballast Company was more than a fair contract price therefor. It did not disclose when the appellant received knowledge of the facts which he contends may have operated to limit the number of bidders. For all that is shown it may be that the bid was entirely fair in amount, and that the appellant, though knowing all the facts he now relies upon to acquit his property of liability to pay the benefits arising thereto by the improvement, stood by and knowingly permitted the Improvement and Ballast Company to complete the improvement of the street. A bid at a public letting of contracts for the work to be done under ordinances of this character, though that of the lowest responsible bidder, may be rejected for the reason that it resulted from a combination between bidders, or from the act of the successful bidder to limit the number of bidders or increase the contract price. Paragraph 583 of chapter 24, entitled "Cities," etc., (Hurd's Stat. 1899, p. 378,) expressly authorized the board of local improvements to reject bids for such causes, or for any cause, if deemed by them best for the public good. If a bid is accepted by the board of local improvements, still, if the causes stated authorizing its rejection existed, it may be avoided by any property holder whose interests are prejudiced thereby, if such property holder seasonably takes action to have the bid declared invalid. If the property holder is advised that grounds exist which justified the rejection of the bid and contract thereunder, it is his

duty, if he regards the contract arising from the bid as unfair and detrimental to him, and wishes to repudiate it, to take action to have the contract repudiated or vacated without any unreasonable delay. The bid and contract are not void, but voidable, and may be enforced against the bidder. The option to have the bid and contract rejected or avoided is with the property owner, and he can not be permitted to withhold his objection until he shall have secured the benefit of the work, labor and materials of the contractor, and then ask to be relieved of all liability to pay therefor. The principle which governs such instances was declared and applied in *Hamilton* v. *Lubukee*, 51 Ill. 415, *Bush* v. *Sherman*, 80 id. 160, *Connely* v. *Rue*, 148 id. 207, and *Ingalls* v. *Rowell*, 149 id. 163.

The cases of *Fishburn* v. *City of Chicago*, 171 Ill. 338, and *Conway* v. *Garden City Paving Co.* 190 id. 89, are cited and relied upon by counsel for appellant in support of the contention the county court should have denied judgment against the property of appellant on the ground the facts submitted to the court disclosed that the said Improvement and Ballast Company had a monopoly of the material necessary to construct the improvement and dictated the price thereof to other contractors, and thereby also stifled competition in bidding for the contract to do the work. In the former of the cases cited the objection was made to the confirmation of the assessment on the ground the ordinance tended to create a monopoly, and we held the objection was well advanced and judgment confirming the assessment was denied. In the latter case the parties to a combination to limit competition among bidders for a contract to construct public improvments sought and were refused the aid of the court to enforce the agreement entered into between themselves in effecting the illegal combination. Clearly neither case touches the principle which must here control.

The judgment is affirmed.　　　*Judgment affirmed.*