HETRICK *v.* VILLAGE OF LINDSEY, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 231.    Argued April 23, 1924.—Decided June 2, 1924.

Failure of the state law to provide for notice and hearing before the making of a special assessment by a village council, does not deprive the assessed owner of his property without due process, when the law affords him, and he accepts, opportunity to determine all questions of law and fact as to the validity, fairness, and proper amount of the assessment, by proceedings brought by him in the state courts.  P. 387.

Affirmed.

ERROR to a judgment of the Supreme Court of Ohio which dismissed, as frivolous, a petition in error to review a judgment of the State Court of Appeals revising a special assessment.

*Mr. Albert H. Fry* for plaintiff in error.

*Mr. W. J. Mead* for defendants in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Hetrick owned two lots in the Village of Lindsey, Ohio, No. 175 and No. 176.  He brought suit in the Common Pleas Court of Sandusky County against the Village and the Auditor and Treasurer of the county, to enjoin the collection of front foot street assessments levied by the village council against the two lots.  He contended, first, that the assessment exceeded the benefits to the lots or either of them; second, that the assessment was in excess of the limit allowed by law to be levied upon property

for local improvement, which by the statute was one-third of its value; third, that the assessment was in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States, in that there was no provision for notice to be given to the owner of the property to be assessed and an opportunity to be heard before the tax was levied.

Evidence was taken on the question of benefits and the value of the lots. The Common Pleas Court sustained the assessment in its entirety and dismissed the petition. The plaintiff then appealed to the Court of Appeals of the county, and the case was reheard by that court on new evidence. Section 3819 of the General Code of Ohio, in part, is as follows:

" The council shall limit all assessments to the special benefits conferred upon the property assessed, and in no case shall there be levied upon any lot or parcel of land in the corporation any assessment or assessments for any or all purposes, within a period of five years, to exceed thirty-three and one-third per cent of the actual value thereof after the improvement is made."

The Court of Appeals found that the value of the lots, after the completion of the improvement, was $2,600, and that they were especially benefited to the extent of one-third of this value, reduced the assessments from $1,040.60 on both lots to $866.67, and enjoined the collection of more than this amount. The Court of Appeals found other facts as follows:

Notice of the passage of the resolution of necessity for the improvement had been served by the clerk of the council in writing on the plaintiff personally within the time required by the statute. He had full knowledge of the work as it progressed and made no objection thereto. He appeared with his counsel before the village council, consulted with it as to the manner of the construction of the improvement and succeeded in having its char-

acter changed in front of his property to conform to his desire. He never requested a hearing before the council on the public necessity of the improvement or the validity or amount of the assessment.

In due time after the decree in the Court of Appeals, plaintiff filed a petition in error in the Supreme Court of the State. The defendants made a motion to dismiss it, on the ground that no leave to file it had been granted. The plaintiff claimed that no leave was necessary under the state practice, because the case involved a question under the Constitution of the United States as to the validity of the statutes of the State relating to special assessments for street improvements. The defendants answered that such statutes had been so long held constitutional by the courts of the State that their constitutionality could no longer be questioned, and therefore that the petition should be dismissed, presumably as frivolous. The court sustained the motion and dismissed the petition. A writ of error to bring the case here was allowed by the Chief Justice of the Supreme Court of the State.

The decisions of fact by the state Court of Appeals that the assessment did not exceed the benefit of the property and that it did not exceed one-third of the value of the property after the improvement was completed, are not questioned here. The only point of contention made is that the Ohio statutes relating to special assessments for street improvements do not require a notice to, and a hearing on behalf of, the owner of the property assessed by the village council and therefore permit the owner to be deprived of his property without due process of law.

Section 12075 of the General Code of Ohio has for many years provided as follows:

"Common pleas and superior courts may enjoin the illegal levy or collection of taxes and assessments, and en-

tertain actions to recover them back when collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected."

Under this section the plaintiff had two full hearings in two courts upon the merits of the assessments, that is, upon the question whether the special benefits conferred were greater than the value of the property, and second, whether the assessment exceeded one-third of the value of the property. This is in accord with the previous decisions of the Supreme Court of Ohio in reference to the power of the state courts in passing on the validity of assessments either in a suit to collect the same or in a suit by the assessment payer to enjoin them. *Walsh* v. *Sims,* 65 Oh. St. 211; *Griswold* v. *Pelton,* 34 Oh. St. 482. It thus appears that the plaintiff in this case had had opportunity by contesting the assessment in court to review all the questions of law and fact as to the validity and fairness of the assessment under the statutes of Ohio, that these facts were passed upon by the court and that the plaintiff had secured from that court a reduction of the assessment. In such a case it has been frequently decided that the judicial procedure constitutes due process of law and supplies every requirement for due notice and hearing. *McMillan* v. *Anderson,* 95 U. S. 37, 41; *Davidson* v. *New Orleans,* 96 U. S. 97, 104–5; *Spencer* v. *Merchant,* 125 U. S. 345, 355–6; *King* v. *Portland,* 184 U. S. 61, 70; *Ballard* v. *Hunter,* 204 U. S. 241, 255; *Embree* v. *Kansas City Road District,* 240 U. S. 242, 251; *Mt. St. Mary's Cemetery* v. *Mullins,* 248 U. S. 501, 506.

It is unnecessary for us to consider, therefore, the sufficiency of notice and opportunity for a hearing before the council under the statutes of Ohio for assessments, or the question whether plaintiff was estopped by his acquiescence and conduct from raising such an issue.

*Decree affirmed.*