**WILANDER v KETTER et**

Ohio Appeals, 4th Dist, Scioto Co

Decided February 11, 1932

Sherrard M. Johnson, Portsmouth, for plaintiff.

W. L. Dickey, City Solicitor, and Arnold Shapiro, Assistant City Solicitor, Portsmouth, for defendant.

MAUCK, PJ.

Here it is agreed that the value of the lot in question at the time of the assessment was levied was $1,500 and that the assessment was $1,488.95. It is further agreed that the deed of John E. George to P. G. Wilander was executed on July 13, 1926, and that as an exception to the warranty against incumbrances said deed contained this clause:

"Except all taxes and assessments due and payable after June, 1926, which grantee assumes and agrees to pay".

The sole question before this court is whether this language of itself prevents the grantee of the deed and one claiming under him from resisting the assessment made in April, 1925. There are cases which hold that the grantee of property who has assumed to pay an assessment thereon is estopped from thereafter attacking the validity of that assessment. The use of the word "estoppel" in that connection is not a happy one. Strictly speaking, one who invokes an estoppel must show that he relied upon such estoppel and was led to act upon it before the conduct which he pleads as an estoppel inures to his advantage. In this case the city was in no way affected by the grantee's assumption and to no degree relied on it. We think that a more accurate expression of the doctrine upon which the city relies in this case is that where the vendee of property as part of the purchase price retains enough of the consideration at the time of the transfer to pay assessments then a lien upon the property he has in fact required the vendor to pay the assessments and he is a mere custodian of the funds dedicated to that purpose by the grantor. In such case the vendee will not be heard to say that the assessment should not be paid when he has in fact in his possession the funds of another with which to pay them. This is but an application of the equitable maxim that a suitor must come into equity with clean hands; that he must do equity before he asks equitable relief.

There is no evidence in this case that touches upon the nature of the assumption of the assessment lien made by Mr. Wilander except the language quoted to the effect that he would pay taxes and assessments due and payable after June, 1926. In **Bell v City of Norwood, 8 O C C (n. s.) 435,** the court said of a clause somewhat like the one under consideration:

"It turns upon the question of fact as to whether or not there was an allowance of a definite sum made to the grantee as part of the consideration. Of course, if the grantee has been allowed a sum certain and has practically been a depository or trustee of such sum for the payment of the assessment on Floral Avenue it makes no difference to the grantee whether such assessment is legal or illegal. On the other hand, if there has been no such allowance to the grantee and this exception of the covenant warranty is to be considered mere-

ly as a contract between the grantor and the grantee that the grantor shall be relieved from any assessment, then the grantee is not estopped from setting up and availing himself of the illegality of any assessment."

In that case a decree was awarded the plaintiff.

In **Caldwell v Columbus, 56 Oh St 759,** the court denied the property owner relief from an illegal assessment, but that case is not helpful here for in **Walsh v Sims, infra,** it is pointed out that in the Caldwell case the grantee assumed specific assessment liens "as a part of the purchase price of said land".

**Walsh v Sims, 65 Oh St 211,** is the leading case in this state. It was held in that case that the property owner was not barred from relief against illegal assessments because in that case it was not shown that the amount of the assessments was taken from the purchase price of the land, and it could not have been shown because the amount had not been ascertained at the time the deed was made. In the latter respect the Walsh case differs from the case at bar and was a stronger case for the property owner than the case before us. In the Walsh case, as in this case, however, there was nothing but the bare language of the exception to indicate that the plaintiff had received any diminution in the purchase price, and the court squarely held that the language of the exception alone did not indicate that there had been such diminution. Speaking for the court Judge Spear said:

"As respects the vendor and vendee the most that can be claimed would be that the language implies an obligation to save the vendor harmless as to such assessments. But the controversy is not between the vendor and vendee; it is wholly between the vendee and the city. It is not reasonable to assume that the parties intended that any assessment should be paid beyond that which the city had a lawful right to make, and the vendee is not here insisting upon any defense which this vendor might not himself have made."

If the language of the exception in the Walsh case did not import that the property owner had retained part of the purchase price for the payment of the assessments the language in the exception before

us does not import it. We follow **Bell v City of Norwood, supra,** and **Walsh v Sims, supra,** in reaching the conclusion that the city has not made good its defense. Mr. Wilander by the exception quoted only bound himself to save his grantor harmless generally from all taxes and assessments payable after June, 1926. He did not bind himself to pay taxes and assessments due after June, 1926, if he had a valid defense thereto. Decree for plaintiff.

MIDDLETON and BLOSSER, JJ, concur.