## MANAGEMENT & INVESTMENT CO. v. ZMUNT et al.

### No. 5954.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

William Howell, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellant.

Neil W. McGill, of Cleveland, Ohio (Ray T. Miller, of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

On motion of the defendant county officers, the court below dismissed a bill of complaint seeking an injunction against the collection of certain special assessments levied upon the plaintiff's property under the provisions of sections 6602-1 to 6602-14 of the General Code of Ohio. The grounds on which the injunction was sought were that the proceedings of the board of county commissioners, both in establishing the district and assessing the costs of the improvements to the property holders therein, were unconstitutional and amounted to the taking of the plaintiff's property without due process of law.

The bill alleged that in March of 1924 the board of county commissioners, after laying out a sewer district in which plaintiff's property was situated, adopted a resolution directing the sanitary engineer of the county to prepare and submit to it a general plan of sewage disposal therefor; that the engineer prepared such plan and submitted it to the board with an estimate of the cost thereof; that in November of 1926 the board passed a resolution declaring it necessary to construct and maintain the sewerage recommended by the engineer, declaring also that the cost of construction and maintenance should be borne by special assessments upon the property within the district; that thereafter, November 5 and 12, 1926, the board published its resolution in a newspaper of general circulation, as provided by statute; that the improvements were constructed, and after completing them the board published, in a newspaper of general circulation, as provided by statute, a proposed plan of apportioning the cost thereof to the property holders of the district; and that later, August 28, 1928, the board approved and confirmed the plan of apportionment and assessed the amounts therein proposed against the properties in the district. It further alleged that "no actual" notice of the proceedings establishing the district and assessing the cost of the improvements therein against or apportioning it among the property holders was given the plaintiff or his predecessors; that the notices published in the newspapers were general notices, not directed to any particular person by name, did not describe the particular parcels of land to be assessed, and were merely notices of proposals to assess the cost of the improvements to, and apportion it among, the property holders. It was also stated, as a conclusion, that the proceedings were conducted without an opportunity on the part of the property owners to be heard upon questions pertaining to the establishment of the district, the character of improvements to be installed, or the benefits to be derived therefrom.

The plaintiff cannot stand in a better position as to lack of notice than its predecessors, and the sufficiency of the bill in that respect is to be tested, not only by what it avers, but also by what it fails to aver. The improvements were completed before August

8, 1928, the plaintiff did not acquire the property until March 8, 1929, and the bill of complaint seeking an injunction was not filed until September 26, 1930, eighteen months later. There is no allegation that the plaintiff did not know that the district had been established and the taxes assessed at the time it acquired the property, or that any of the proceedings taken by the board and here complained of were not known to the owners of the property at the time they were proposed or taken. There is nothing either to show that the then owners of the property did not see or read the published notices or did not have "actual notice" of the proceedings, though formal notice was not given them. Indeed, for aught that is averred, they appeared before the board and contested the assessment. They had the right to do so, Conn v. Jones, 115 Ohio St. 186, 152 N. E. 897, and also the right, if they claimed the levy was illegal, to seek an injunction in the state court. Section 12075, General Code of Ohio; Hetrick v. Village of Lindsey, 265 U. S. 384, 44 S. Ct. 486, 68 L. Ed. 1065. In any view, it is fair to infer from the averments made and those omitted that they had knowledge of all proceedings in due time to contest them before the board.

The statutes under which the board proceeded have been upheld by the Supreme Court of the state. State ex rel. Bowman, v. County Commissioners, 124 Ohio St. 174, 177 N. E. 271. We are not called upon to determine whether, if the plaintiff had no other notice than that provided by the statutes, there was due process (but, see, Paulsen v. Portland, 149 U. S. 30, 41, 13 S. Ct. 750, 37 L. Ed. 637; Bellingham Bay, etc., Co. v. New Whatcom, 172 U. S. 314, 319, 19 S. Ct. 205, 43 L. Ed. 460; King v. Portland City, 184 U. S. 61, 69, 22 S. Ct. 290, 46 L. Ed. 431), since it is plainly inferable from the bill, as indicated, that its predecessors in the ownership of the property had actual notice of the proceedings now objected to in due time to contest them before the board. The construction work was completed before the proceedings to apportion the assessments were taken, and it is also plainly inferable from the bill that plaintiff's predecessors had notice of the performance of this work and made no objection thereto. The question, therefore, is whether the plaintiff, standing in their place, may invoke the aid of a court of equity to set aside proceedings in which they apparently acquiesced.

It is axiomatic that equity will not grant relief to one who has stood by and permitted the expenditure of large sums of money upon the faith and belief that he does not deem his rights to be violated. Galliher v. Cadwell, 145 U. S. 368, 372, 12 S. Ct. 873, 36 L. Ed. 738; Johnston v. Standard Mining Co., 148 U. S. 360, 371, 13 S. Ct. 585, 37 L. Ed. 480. Especially will it not do so where the subject-matter is a public work. Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685, 698, 18 S. Ct. 223, 42 L. Ed. 626. Here the county expended large sums of money to establish a drainage district for the benefit of the property owners therein. Whether the plaintiff, through its predecessors, contested the establishment of the district and the assessment of the taxes before the board or the state courts does not appear. It may have done so; at least it stood by and permitted the improvements to be installed, knowing that the costs thereof were assessable in part against its property, and now, when there can be no reapportionment of the tax in fairness to other property holders, it calls upon a court of equity to release its property from liability for the tax. It is not in a position to ask the relief. Givins v. People, 194 Ill. 150, 62 N. E. 534, 88 Am. St. Rep. 143; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; Kellogg v. Ely, 15 O. S. 64, 67; Moore v. McIntyre, 110 Mich. 237, 239, 68 N. W. 130.

The decree is affirmed.