### FALOR v MONG, Auditor et, Etc

Ohio Appeals, 9th Dist, Summit Co

No 2281. Decided April 12, 1934

Dwight G. Hay, Akron, for plaintiff.
Ray B. Watters, Prosecuting Atty., Akron, and Clyde B. MacDonald, Asst. Pros. Atty., Akron, for defendants.

## OPINION

By STEVENS, J.

From a consideration of the competent evidence, we are unanimously of the opinion that the premises of plaintiff sought to be assessed, receive no present or potential benefit from the sewer constructed.

Defendants, in their answer, say that plaintiff never filed any objection in writing to the assessments made on his land, and has therefore waived all objections he might have made to said improvement or said assessments.

Reliance is placed by defendants upon the case of **Cuyahoga Falls v Beck, 110 Oh St 82,** as substantiating their contention that plaintiff, having failed to avail himself of his statutory right to object to the assessment, cannot now invoke the equitable remedy of injunction, the assessment herein having been made before the construction of the improvement, and upon the basis of benefits.

A consideration of the facts in the instant case impels us to the conclusion that the case here presented is identical with the Beck case, supra, except in the matter of benefit and actual notice of the improvement. In that case it was stated by Allen, J., at page 92 of the opinion:

"When the record shows, as this does, that the largest property owner attacking this assessment is, among other parcels, holding land abutting upon this improvement for allotment purposes, it would be flying in the face of experience to claim that his property has not been specially benefitted by this extensive street improvement. Upon the facts, therefore, this claim that no benefits have been conferred upon the property assessed cannot be maintained."

This language shows that in that case there was some benefit to the property assessed, while herein we specifically find that there was no benefit whatsoever to the property assessed, and that fact makes the Beck case distinguishable from the case at bar.

Moreover, in the Beck case there was actual service of notice upon the owner of the land assessed, and in the case at bar, while the statutory notice was given, it was not received by plaintiff, and he had no actual notice that the improvement was to be made, or that there was any claim that his property was to be benefitted, or that it was to be assessed to pay for any part of the improvement.

The question presented, as we see it, is this: May a property owner, who had no actual notice of the improvement, maintain a suit for injunction, under §12075, GC, against an assessment levied upon his property for a sewer, where no benefit whatsoever is conferred upon his property by the improvement, and where, in the nature of things, there can be no benefit, special or otherwise, to his property from the proposed improvement, without first exhausting his remedy of objecting to the improvement and assessment, and then appealing to the Probate Court as provided in §6602-3b GC?

In the case of **Blue v Wentz et, 54 Oh St 247**, Minshall, Judge, at page 253 of the opinion, stated the following:

"An assessment on lands presupposes some special benefit to the lands to be assessed, derived from the improvement for which the assessment is made. When, in the nature of things, there can be no special benefit to the lands from the proposed improvement, an assessment made on them for any part of the cost of the improvement, would be a simple taking of the property of one person for the benefit of another; and the assessment would be void."

In the case of **Chamberlain v City of Cleveland, 34 Oh St 551**, it was stated, on page 562 of the opinion, that:
"If a sum is exacted in any instance, in excess of the value of the special benefits conferred, it is, as to such excess, in that instance, private property unjustly taken for public use without compensation to the owner."

In the case of **Walsh v Barron, Treas., 61 Oh St 15**, syllabus 1 states:
"1. The fundamental principle underlying an assessment made on property for the cost and expense of a local public improvement is, that the property is specially benefited by the improvement beyond the benefits common to the public, and that a ratable assessment of the property to the

extent of these benefits violates no constitutional right of the owner, and is just and proper. But it can in no case exceed the benefits without impairing the inviolability of private property."

In the case of **Alma Coal Co. v Cozad, Treas., 79 Oh St 348**, syllabus 1 states:
"1. The provisions of the constitution forbid not only the taking of the private property of one, but as well the laying of an imposition upon it, for the sole benefit of another."

See also, Crim v Town of Philippi, 38 W. Va. 122.

It would seem to be properly deducible from the foregoing quotations that, where an assessment is levied upon property for a public improvement, and no benefit, present or potential, accrues to the property assessed by reason of the improvement, the assessment is void ab initio.

Under the constitution, the public is denied the **power** to make a special assessment where no benefit is conferred, and therefore benefit is a necessary predicate to the exercise of such power; and without it there is no foundation for the assessment and no jurisdiction to make it.

May the property owner then, who has no actual notice of the improvement, by his failure to observe certain mechanics by way of objection and appeal, vivify and make valid the act of a legislative body, which, from its inception, never had any legal validity so far as the property in question was concerned?

We think not.

If the assessment was void ab initio, it is our conclusion that it was a legal nullity, entitled to no consideration from the property owner, and requiring no action from him, until its collection was attempted. Then, under the provision of **Art. I, §16, of the Ohio Constitution**, and further by virtue of §12075, GC, we believe the property owner so sought to be assessed might properly avail himself of his equitable remedy of injunction, without having first exhausted his statutory remedies.

See also:
Horton v Driscoll, 13 Wyo. 66, syllabus 6.
Armstrong v Ogden City, 43 Pac. 119.
Rapid Ry. Co. v Schroeder, 157 NW 422.

It is suggested that the case of **Bashore v Brown, Treas., 108 Oh St 18**, requires the property owner to exhaust his statutory remedies as a condition precedent to his right to maintain an action for injunction under §12075, GC.

It will be observed, however, that there is a saving clause in each of the syllabi of that case—the first being "Where county commissioners * * * have not otherwise exceeded their statutory authority * * *", and the second being "if the proceedings are otherwise legal."

In the instant case, there being no benefit, the attempt to assess plaintiff's property violated his constitutional right, and hence did exceed the statutory authority of the commissioners, and made the proceedings, as to plaintiff's property, a violation of the supreme law of this state, and hence illegal.

We hold that, where a board of county commisisoners causes an assessment to be levied upon real property to pay part of the cost of construction of a sewer, and no present or potential benefit to the property assessed ensues from the improvement, §12075, GC, provides a concurrent remedy to the property owner, which may be invoked by him to enjoin the collection of the assessment, and this without first exhausting his statutory remedies of objections to the improvement and assessment, and appeal to the Probate Court.

Our conclusion in this matter is fortified by a consideration of the provisions of §6602-3q, GC, for it seems apparent that the legislature, by the enactment of that section some three years after the decision in the Beck case and about a year after the decision in the case of **Baxter v Van Houter, 115 Oh St 288,** intended that the law as stated in the Beck case should be construed, at least to the extent herein indicated, as not applying to improvement proceedings by county commissioners under **§6602-1, et seq, GC.**

Inasmuch as our conclusion upon the second contention of plaintiff disposes of this action, we do not specifically pass upon the question of lack of notice, except to observe that §6602-2, GC, requires only the mailing of notice, and not proof of its receipt; and in this case the fact of mailing notice to plaintiff is conceded by stipulation.

A decree may be prepared granting to plaintiff the injunction prayed for, and enjoining the defendants from collecting the assessment levied upon the premises of the plaintiff for the construction of said sewer.

Exceptions to the defendants.

WASHBURN, PJ, and FUNK, J, concur in judgment.