GAYLORD, APPELLEE, *v.* VILLAGE OF HUDSON, APPELLANT, ET AL.

(Decided December 14, 1938.)

Mr. *John M. Jarboe,* for appellee.
Mr. *H. A. Sullivan,* village solicitor, for appellant.

WASHBURN, J. This is an action in equity which was instituted in the Court of Common Pleas of Summit county to enjoin the village of Hudson and its officers, and certain county officials, from collecting or attempting to collect a certain assessment, payable in nine annual installments, against real estate now owned by Phyllis R. Gaylord, appellee.

The court below found that the assessment was in excess of the benefit, and ordered the excess amount abated. The cause has been appealed to this court on questions of law and fact by the village of Hudson, and has been submitted upon certain testimony taken in the trial court and upon an agreed statement of facts filed therein, and upon a supplemental agreed statement of facts filed in this court.

It is agreed that the proceedings of the village in making said assessment were in all respects regular and according to law.

When the improvement and the subsequent assessment were made, the property was owned by Isabel W.

Lowman, from whom the property was purchased by the appellee several years after the improvement was made.

The owner of the property at the time the improvement and the assessment were made, did not then and never has made any objection whatsoever thereto, and, at the time she sold the property to appellee, had paid $890.64 of the assessment—the same representing four semi-annual payments and amounting to two-ninths of the total assessment.

The deed of said owner to appellee contained the following recital:

"I am well seized of the above-described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written, and that the same are free from all incumbrances whatsoever, except restrictions and conditions of record, balance of $6,000 on a mortgage to The First Trust and Savings Bank of Akron, Ohio, and taxes and assessments, both special and general, for the last half of 1931 and thereafter, which unpaid balance, taxes and assessments the grantee assumes and agrees to pay."

The appellee, after purchasing the premises, paid five semi-annual installments of the assessment, amounting to $1,113.30—making a total payment by the original owner and the appellee of one-half of the amount of the assessment.

The first of the semi-annual installments was payable in December, 1929, and the last was due in June, 1938.

The purchaser, appellee, made no objection to the assessment and did not question its validity until this action was begun, which was in October, 1936.

The basis of the assessment was benefits, and the only claim of illegality in reference thereto as to which there is any evidence tending to prove the claim, is

that the improvement did not benefit the property to the extent of the assessment.

As to that question of fact, we have, supporting the assessment, the judgment expressed by the council of the municipality at the time the assessment was made, and, against the assessment, the testimony of one witness based on conditions existing at the onset of the worst depression in the history of the country; which estimate by said witness, although relating to the time when the council made its estimate, was made nine years after the making of the assessment, during which time there was a tremendous shrinkage in values of property. That testimony, when all of the testimony of the witness is considered, is, to say the least, not very convincing.

Keeping in mind that there was no objection to or complaint about the assessment until many years after the assessment was made and until half of it had been paid; and keeping in mind that the complaint as to the assessment which was so tardily made, was made, not by the owner of the property at the time of the making of the assessment, but by a purchaser from such owner; and keeping in mind the further fact that the assessment was made *after* the improvement was completed, we now state our conclusions upon the whole record as follows:

1. As to the agreement made by appellee, by the acceptance of the deed, to assume and agree to pay said assessment:

If the appellee agreed to pay the assessment as a part of the purchase price of the property, a court of equity should deny to appellee the relief sought in this action. *Walsh* v. *Sims, Treas.*, 65 Ohio St., 211, 62 N. E., 120; *Poulson* v. *City of Akron*, 93 Ohio St., 489, 113 N. E., 1071.

As to whether appellee did agree to pay the assessment as a part of the purchase price of the property, the record discloses that in the Common Pleas Court,

where the evidence by way of testimony was taken, the court, upon objection of counsel for appellee, refused to permit appellee to answer the direct question as to whether she agreed to pay the assessment as a part of the purchase price of the property. There is also in evidence a copy of the contract of purchase of the property, which preceded by a few months the making of the deed, and the contents of the contract justify the inference that appellee did not agree to pay the assessment *as a part* of the purchase price of the property.

Therefore, there being no other evidence on the subject, this court of equity would not be justified in denying to appellee the relief sought in this action because of appellee's agreement to pay the assessment. *Wilander* v. *Ketter*, 42 Ohio App., 29, 181 N. E., 452.

2. As to the effect of the fact that the owner of the premises, after being notified of the assessment, did not file any objection thereto as provided by the statute, or make any complaint whatever in reference to the assessment:

If the assessment had equalled or exceeded the value of the property after the improvement, a court of equity would be justified in granting relief against such confiscation of property although no such objection had been made. *Baxter* v. *Van Houter, Aud.*, 115 Ohio St., 288, 153 N. E., 266.

Likewise, if the property assessed could not be benefited at all by the improvement, a court of equity should enjoin the assessment, although the objection referred to in the preceding paragraph had not been made. *Falor* v. *Mong, Aud.*, 47 Ohio App., 442, 191 N. E., 445.

But it is conceded in this case that the assessment did not equal or exceed the value of the property after the improvement was made, and that the property was benefited by the improvement; indeed, it is conceded

that the assessment is less than one-third of the value of the property after the improvement.

Therefore appellee is not entitled to relief under the law as announced in the foregoing cases.

3. Inasmuch as the only claim to relief involves solely a question of benefits, and inasmuch as the assessment was made after the improvement was completed, and the owner of the property at the time of the assessment did not pursue the statutory remedy for relief, should a court of equity grant injunctive relief to appellee?

There are many conflicting or at least inconsistent opinions in the courts of Ohio in reference to that question—including some by this court—and in some cases, where the question is answered in the opinion, the judgment actually entered appears to be inconsistent with the language of the opinion.

We shall not attempt to cite the cases or analyze them, but our consideration of them leads us to the conclusion that, under our Constitution, the power to levy and apportion special assessments is in the General Assembly under its general police power, and that a portion of such power has been delegated by the General Assembly to municipalities to be exercised in the manner provided by laws passed by the General Assembly; and that when a municipality has fully complied with all the requirements of the law in making an improvement, and has, in pursuance of such delegated power, determined that certain property is benefited in a certain amount by such improvement and has levied an assessment accordingly, the owner of such property is afforded an adequate remedy at law to object to and have the assessment changed so as to make the same just and equitable; and if he fails to avail himself of that remedy, a court of equity should not grant him injunctive relief unless the assessment equals or exceeds the value of the property assessed after the improvement, or the circumstances

are such that the improvement cannot be of any benefit to the property, or the circumstances of subterfuge or fraud are such as to amount to a confiscation of the property; and such proposition is true regardless of whether the assessment is made before or after the improvement is completed.

If assessing powers are governed by a fair and reasonable rule of apportionment of assessments for benefit to property, and the rule is fairly followed, an assessment against particular property, if there has been no complaint after notice as provided by statute, will not be disturbed by a court of equity even though it appear that the benefit does not equal the assessment.

As a general rule the amount of benefit which an improvement will confer upon particular land is a matter of forecast and estimate, and is peculiarly a thing to be decided by those who make and administer the law; and if, in a particular case, a hardship arises under the natural and ordinary application of the law, that hardship must be borne as one of the imperfections of human things; where the remedy provided by the assessment statute is not invoked, the mere question of the amount of benefits is not, generally speaking, a judicial one unless the court can plainly see that no benefit can exist, or unless the assessment amounts to confiscation.

As applied to the case at bar, our conclusion is that, under all of the circumstances presented by the record, a court of equity ought not to disturb the assessment.

The petition of the appellee is dismissed, at her costs.

*Petition dismissed.*

STEVENS, P. J., and DOYLE, J., concur.