PORCHER ET AL., APPELLEES, *v.* FRANK, TREAS., ET AL., APPELLANTS.

(Decided January 10, 1939.)

*Messrs. Frank & Ream* and *Mr. J. Edward Schenz,* for appellees.

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. W. A. Spencer,* for appellants.

STEVENS, P. J. An action was instituted in the Court of Common Pleas by Frank C. Porcher and Edward F. Porcher, as plaintiffs, to enjoin the defendants therein from collecting assessments levied upon premises described in plaintiffs' petition—said assessments being for the construction of a trunk sewer known as Sanitary Improvement Number 51, Main Sewer District 15, in Summit county, Ohio.

The cause was presented to the trial court, and the defendants being dissatisfied with the result there ensuing, appealed upon questions of law and fact, thereby bringing the cause before this court.

An amended and supplemental petition, making, among other things, additional parties plaintiff, was thereafter filed in this court. A demurrer to that petition was filed, and has been overruled, and the cuase is now before this court on that petition, the answer thereto, the testimony taken below, and additional testimony taken in this court.

Three grounds are assigned by appellees as constituting reasons why said assessments should be enjoined:

1. That neither appellees Porcher, nor Ida Mae

Wright, the owner of the fee and equity of redemption in the premises, were given notice of the making of the improvement, and of the intention to assess part of the cost thereof against them or any of them.

2. That the sewer is inadequate for the purpose for which it was intended.

3. That said sewer is of no benefit, present or potential, to appellees' land.

The record discloses that, prior to the time the assessment in question was levied, the title to the premises described in appellees' first cause of action was in Frank C. Porcher and Edward F. Porcher; that on May 22, 1929, the Porchers, by deed, conveyed said premises, for a consideration of $24,000, to William E. Wright, and took back a purchase-money mortgage in the sum of $21,000 on said premises; that the Porchers remained in possession and actual occupancy of said premises until long after the improvement was made; that on November 18, 1929, said William E. Wright died testate, and, under the terms and provisions of his last will and testament, said real estate was devised to his widow, Ida Mae Wright, and title thereto therefore vested in her at the time of the death of the testator; that the title to said property and the occupancy thereof was as hereinbefore indicated at the time the improvement was authorized and made, and the assessments therefor levied; that the resolution of necessity was published according to law, and that copies of the same were duly mailed to Frank C. Porcher and Edward F. Porcher, to William E. Wright, who, the record discloses, was at that time dead, although that fact was not known to defendants, and also to his widow, Ida Mae Wright, who, under the will, was the devisee and then owner of the property described in appellees' first cause of action; that on August 10, 1937, said Ida Mae Wright conveyed, by quit-claim deed, said real estate to the appellees Porcher; and that on April 11, 1938, the Porchers

conveyed said real estate by warranty deed to the appellees Sidney Shechter and Harry Shechter for a consideration of $10,000, which deed recited that said real estate was free and clear of all incumbrances "except taxes and special assessments. which are regularly due and payable June 20, 1938, and thereafter, which grantees hereby assume and agree to pay."

A consideration of the entire record leads us to the conclusion, and we find, that notice in accordance with law, of said improvement and assessment, was given to all parties entitled by law to receive the same, and that none of said parties filed objections to said improvement under Section 6602-2 *et seq.*, General Code, although the detailed plans, specifications and estimate of the cost of the improvement, together with the tentative assessment of cost based upon such estimate, were at all times carefully preserved, either in the office of the county sanitary engineer, or in the office of the board of county commissioners.

In reference to the appellees' second claim, there is no evidence as to inadequacy of the sewer in question, and appellees may therefore be considered to have abandoned that claim.

We come now to a consideration of the claim that the sewer in question is of no present or potential benefit to appellees' land.

This court has had occasion recently to re-examine the law in connection with the subject of assessments for special improvements levied upon the basis of benefits. See the opinion of this court in *Gaylord* v. *Village of Hudson, ante,* 180.

It appears from this record that the appellees Porcher did not avail themselves of their statutory remedies before instituting the instant action, and that said action was filed seven years after the improvement in question was made and the assessments therefor levied.

In the opinion in *Gaylord* v. *Village of Hudson,*

*supra,* Judge Washburn stated the conclusions of the court upon the subject of benefits to be as follows:

"* * * but our consideration of them [cases being considered] leads us to the conclusion that, under our Constitution, the power to levy and apportion special assessments is in the General Assembly under its general police power, and that a portion of such power has been delegated by the General Assembly to municipalities to be exercised in the manner provided by laws passed by the General Assembly; and that when a municipality has fully complied with all the requirements of the law in making an improvement, and has, in pursuance of such delegated power, determined that certain property is benefited in a certain amount by such improvement and has levied an assessment accordingly, the owner of such property is afforded an adequate remedy at law to object to and have the assessment changed so as to make the same just and equitable; and if he fails to avail himself of that remedy, a court of equity should not grant him injunctive relief unless the assessment equals or exceeds the value of the property assessed after the improvement, or the circumstances are such that the improvement cannot be of any benefit to the property, or the circumstances of subterfuge or fraud are such as to amount to a confiscation of the property; and such proposition is true regardless of whether the assessment is made before or after the improvement is completed.

"If assessing powers are governed by a fair and reasonable rule of apportionment of assessments for benefit to property, and the rule is fairly followed, an assessment against particular property, if there has been no complaint after notice as provided by statute, will not be disturbed by a court of equity even though it appear that the benefit does not equal the assessment."

In the instant case the only claimed defect in the proceedings is that the Porchers did not receive notice

of the improvement. That claim has heretofore been resolved against them.

It therefore appears that all of the statutory requisites in the making of the improvement and of the assessments have been complied with, and it affirmatively appears in this record that the assessment does not equal or exceed the value of the property assessed, after the improvement; and unlike the case of *Falor* v. *Mong, Aud.*, 47 Ohio App., 442, 191 N. E., 445, it does not appear from this record that the property assessed could not be benefited at all by the improvement. Further, this record discloses no subterfuge or fraud upon the part of the assessing authorities.

Considering the record as a whole, our conclusion is that under all of the circumstances here presented this court of equity ought not to disturb the assessment.

The petition of the appellees is dismissed at their costs.

*Petition dismissed.*

Washburn and Doyle, JJ., concur.