IN RE APPEAL IN THE MORRISON SINGLE COUNTY DITCH NO. 1330.

[Cite as In re Appeal in the Morrison Single Cty. Ditch No. 1330 (1985), 20 Ohio St. 3d 13.]

(No. 84-1817—Decided October 30, 1985.)

*Buchanan & Buchanan* and *J. Vincent Buchanan,* for appellants.

*Steve C. Shuff,* prosecuting attorney, and *Elaine J. Knutson,* for appellees.

CELEBREZZE, C.J. The question presented involves the constitutionality of a ditch assessment calculated by using the "Preble County" formula. Appellants contend that two factors in that formula, "degree of need" for improvement and "degree of problem correction," violate the applicable statutory and constitutional requirements for ditch assessments.

This court stated in *In re Appeal in the Joint Cty. Ditch No. 1* (1930), 122 Ohio St. 226, 236, that an assessment disproportionate to the benefit received was in effect an unconstitutional taking of private property. R.C. 6131.15 states, in pertinent part, that "* * * [t]he county engineer, in making his estimate of the amount to be assessed * * * shall levy the assessments according to benefits. Each tract of land * * * affected by an improvement * * * shall be assessed in the proportion that each is

benefited by the improvement, as 'benefit' and 'improvement' are defined in section 6131.01 of the Revised Code, and not otherwise."

R.C. 6131.01(F) defines "benefits" as advantages to land and owners and provides that "* * * [f]actors relevant to whether such advantages result include:

"(1) The watershed or entire land area drained or affected by the improvement;

"(2) The total volume of water draining into or through the improvement and the amount of water contributed by each land owner;

"(3) The use to be made of the improvement by any owner * * *."

This subsection further provides that "benefits" may include any or all of the following: Elimination or reduction of flood damage; removal of water conditions that jeopardize public health and safety; increased value of land as a result of the improvement; use of water for irrigation or soil conservation; and providing an outlet for accelerated runoff.

We find that the formula used in calculating appellants' assessments accurately determined the assessments in proportion to the benefits accruing to appellants' lands. The evidence adduced at the trial *de novo* clearly showed that the portion of the ditch upon appellants' lands was most in need of drainage and required the highest degree of correction. Appellants' portion of the ditch was almost completely closed and had been plowed and cultivated. Their lands had the most extensive flooding and soil erosion after a rain. Although the "degree of need" and "degree of problem correction" elements of the formula are not *per se* enumerated by R.C. 6131.01(F), these elements are consistent with the statutory factors relevant to whether advantages result from improvements. Such resulting improvements reduce flood damage and increase the value of appellants' lands, both "benefits" as defined by statute. These elements are further consistent in view of R.C. 6131.15, which states that in estimating an assessment, the county engineer shall give primary consideration to the potential increase in productivity of the land which may result from the improvement. It is obvious that the improvement of this ditch will result in the increased productivity of appellants' lands.

We therefore conclude that the use of the "Preble County" formula gave a rational and justifiable basis to the calculation of appellants' ditch assessments, consistent with the applicable controlling sections of the Revised Code, and demonstrated an assessment in which appellants' greater need was proportionate to their greater benefits from the improvement.

Appellants also contend that the trial court erred by placing upon them the burden of proving, at the trial *de novo,* that their assessments were not in proportion to the benefits received. Appellants argue that once they made a prima facie showing that the assessments on their lands were substantially in excess of the other landowners' assessments, the burden of proof shifted to appellees to rebut this evidence. This contention

is without merit. R.C. 6131.25 provides the mechanism for an appeal of an assessment to the court of common pleas. R.C. 6131.30 explicitly states that on appeal "'* * * the burden of proof shall be on the owner having the affirmative of the proposition, who shall have the opening and closing. * * *'" Accordingly, the burden was properly upon appellants here throughout the trial *de novo* to demonstrate the unlawfulness of the assessments.

For the reasons stated, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.