922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gahlon W. KUNKLE, et al., Plaintiffs-Appellants,
v.
FULTON COUNTY BOARD OF COMMISSIONERS, et al., Defendants-Appellees.
 No. 90-3261.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's dismissal of their action to have declared unconstitutional various Ohio statutes outlining the procedures to be followed for assessing taxes for county ditch improvements, and for valuing agricultural land for tax assessment purposes. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On February 21, 1989, Fulton County property owners who were assessed a tax for a county ditch improvement known as Project 2036 brought a declaratory judgment action against the Fulton County Board of Commissioners and the Director of the Ohio Department of Natural Resources. The plaintiffs sought to have Ohio Revised Code Secs. 6131.25, which establishes the judicial review procedure for affected landowners wishing to challenge a tax assessment for county ditch work, declared unconstitutional as a violation of due process. On April 17, 1989, another property owner brought an action seeking to have Ohio Revised Code Secs. 5713.30-5713.38, which allows landowners to request the county auditor to value real property for tax purposes at the current value such land has for agricultural use, similarly declared unconstitutional. The cases were consolidated in the district court and, on February 28, 1990, the court concluded that it lacked subject matter jurisdiction based on the Tax Injunction Act, 28 U.S.C. Sec. 1341. This appeal followed.
 
 II.
 
 3
 A. Challenge to County Ditch Work Assessment Statutes.
 
 
 4
 Appellants argue that the judicial review provision of the county ditch work assessment statutes, Ohio Rev.Code Ann. Sec. 6131.25, violates due process of law because it affords no basis for contesting the validity of the county's action in assessing all individuals in a watershed, including those without drainage problems, for the cost of constructing and maintaining privately owned ditches. R.C. Sec. 6131.25 provides:
 
 
 5
 Any affected owner may appeal to the court of common pleas within twenty-one days of the date that any order was issued by the board of county commissioners, as provided in sections 6131.01 to 6131.64 of the Revised Code, and may appeal any one or more of the following questions:
 
 
 6
 (A) Is the improvement necessary?
 
 
 7
 (B) Will the improvement be conducive to the public welfare?
 
 
 8
 (C) Is the cost of the improvement greater than the benefits conferred?
 
 
 9
 (D) Is the route, termini, or mode of construction the best to accomplish the purpose of the improvement?
 
 
 10
 (E) Is the award for compensation or damages just?
 
 
 11
 The appeal may be taken from any order affecting any part of the improvement as well as from an order affecting the entire improvement.
 
 
 12
 We agree with the district court that appellants' complaint is barred by the Tax Injunction Act, 28 U.S.C. Sec. 1341, which provides:
 
 
 13
 The district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.
 
 
 14
 The Tax Injunction Act also prohibits district courts from issuing declaratory judgments holding state tax laws unconstitutional where a plain, speedy and efficient state remedy exists. California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).[1] The Act applies even in cases in which states taxes are alleged to be unconstitutional. Schneider Transport, Inc. v. Cattanach, 657 F.2d 128, 131 (7th Cir.1981), cert. denied, 455 U.S. 909 (1982). To satisfy the "plain, speedy and effecient remedy" requirement of the statute, the remedy "need not necessarily be the best remedy available or even equal to or better than the remedy that might be available in federal court." 17 C. Wright, A. Miller & E. Cooper, supra, Sec. 4237. Instead, a state court remedy is plain, speedy and efficient within the meaning of the Tax Injunction Act if it provides the taxpayer with a "full hearing and judicial determination" at which the taxpayer may raise constitutional objections to the tax. California v. Grace Brethren Church, 457 U.S. at 411 (quoting Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 514, 101 S.Ct. 1221, 67 L.Ed2d 464 (1981) ).
 
 
 15
 In this case, it is clear that the county ditch assessment qualifies as a "tax" within the meaning of 28 U.S.C. Sec. 1341. See Lake Lansing Special Assessment Protest Ass'n v. Ingham County Bd. of Comm'rs, 488 F.Supp. 767, 772-73 (W.D.Mich.1980) (holding that the term "tax" as used in the Tax Injunction Act includes special assessments levied by municipal corporations). See also 17 C. Wright, A. Miller & E. Cooper, supra, Sec. 4237 and cases cited therein. Furthermore, R.C. Sec. 6131.25 provides appellants a "plain, speedy and efficient remedy" within the meaning of 28 U.S.C. Sec. 1341: appellants are free to bring an action under subsection (A) claiming the contested improvement is unnecessary as applied to them; under subsection (B) claiming the improvement would only be conducive to the welfare of private individuals rather than to the public welfare; or under subsection (C) claiming that the cost of the improvement exceeds the benefits conferred upon them because they will not benefit from it at all.
 
 
 16
 Appellants argue, however, that even if they are able to bring suit under R.C. Sec. 6131.25, the remedy statute, R.C. Sec. 5703.38, precludes then from obtaining a "plain, speedy and efficient remedy." The general authority of the common pleas court under R.C. Sec. 2723.01[2] to render an injunction against an illegal levy or collection of taxes and assessments is limited by the specific provisions against an injunction set forth in R.C. Sec. 5703.38, which provides: "No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty." See Torbet v. Kilgore, 6 Ohio St.2d 42, 215 N.E.2d 579 (1966); Rocca v. Wilke, 53 Ohio App.2d 8, 371 N.E.2d 223 (1977). Under R.C. Sec. 5703.38, an injunction cannot "suspend or stay any action of the state Auditor, state Treasurer, or Attorney General if they are required by law to take such action as a result of any order, determination or direction of the Department of Taxation. Torbet v. Kilgore, 6 Ohio St.2d at ----, 215 N.E.2d at 582.
 
 
 17
 In this case, the tax assessment levied by a board of county commissioners for the purposes of constructing the ditch project was not an action taken by the State, nor was it an action which resulted from any order of the Department of Taxation. Thus, the general power of the common pleas court to hear injunction suits under R.C. Sec. 2723.01 is unaffected by the exception contained in R.C. Sec. 5703.38. Accordingly, appellants have an adequate remedy under R.C. Sec. 2723.01 in the form of a suit for injunctive relief. See Management & Inv. Co. v. Zmunt, 59 F.2d 663 (6th Cir.1932) (landowner's unsuccessful constitutional challenge seeking to enjoin collection of special assessments levied by board of county commissioners to pay for construction of sewer improvements); Falor v. Mong, 47 Ohio App. 442, 191 N.E. 445 (1934) (holding that R.C. Sec. 2723.01 provides injunctive relief for board of county commissioners' sewer assessment if there can be no benefit to the particular tract of land assessed). See also In re Morrison Single Cty. Ditch No. 1330, 20 Ohio St.3d 13, 484 N.E.2d 699 (1985) (affirming judgment in favor of county board of commissioners in landowners' suit claiming ditch assessments were unconstitutionally disproportionate to the benefits conferred). Moreover, the Supreme Court has made clear that the Tax Injunction Act bars suit even where a state court does not provide injunctive relief to restrain the collection of taxes, but instead relies exclusively on a refund procedure. Grace Brethren Church, 457 U.S. at 417.[3]
 
 
 18
 B. Challenge to Agricultural Land Tax Valuation Statutes.
 
 
 19
 Secondly, appellants argue that the agricultural land tax valuation statutes, R.C. Secs. 5713.30-5713.38, are unconstitutional because all farmers who wish to have their land valued for real property tax purposes at the current value such land has for agricultural use, rather than its true value in money, are required to submit an application and to pay a $25.00 fee to the county treasury. We agree with the district court's finding that R.C. 5715 et seq., providing for a county board of revision to hear complaints relating to the valuation or assessment of real property, and R.C. Sec. 5717 et seq., providing for appeal from the county board of revision to the board of tax appeals and supreme court, affords appellants a plain, speedy and efficient remedy, and thus that their claim is barred under the Tax Injunction Act.
 
 
 20
 Accordingly, the district court's dismissal of appellants' action is AFFIRMED.
 
 
 
 [1]
 Appellants contend that Grace Brethren Church is no longer good law because the district court's decision in that case was filed in 1979, before 28 U.S.C. Sec. 1331 was amended in 1980 to broaden federal court jurisdiction by removing the minimum amount in controversy requirement. Appellants conclude that this broadening of federal jurisdiction necessarily implied a corresponding limitation on state court jurisdiction. The district court properly rejected this argument as utterly devoid of merit. See Chivas Products Lts. v. Owen, 864 F.2d 1280, 1282 (6th Cir.1988) (presumption of concurrent jurisdiction may be rebutted only in limited circumstances), rev'd on other grounds, 493 U.S. ----, 110 S.Ct. 792 (1990); 13B C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3561.1 (2d ed.1984) (amendment to 28 U.S.C. Sec. 1331 did not limit state court concurrent jurisdiction)
 
 
 [2]
 R.C. Sec. 2723.01 provides: "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."
 
 
 [3]
 Appellants alternatively argue that R.C. Sec. 2723.05 precludes a "plain, speedy and efficient remedy" because that statute only provides for refund to the taxpayer of the amount of taxes which are unexpended and in the possession of the collection officer at the time of the judgment or order determining that an assessment was illegal. However, in light of the fact that R.C. Sec. 2723.01 clearly affords an adequate remedy, we decline to address this argument