No. 854

BALT. & O. RD. CO. v. VILLAGE OF OAK HILL

Ohio Appeals, 4th Dist., Jackson Co.

Decided Jan. 20, 1927.

First Publication of this Opinion

Syllabus by Editorial Staff.

991. RAILROADS.—305. · Conveyances.— Under right-of-way grant, granting land "of

such width as the law provides may be used by said company for that purpose," railroad company takes only so much land as is necessary to construct and maintain railroad, and extent of such taking may be shown by subsequent conduct of company.

1053. ROADS AND HIGHWAYS.—Section 3723 GC. not intended to inhibit common law dedication, does not apply to cases where streets are established as such, by public use and by act, of city authorities, improving them as such.

103. ASSESSMENTS. — 1. Necessary to prove value of land as used, to obtain relief under 3819 GC.

2. Railroad right-of-way, whether owned in fee or held by easement, liable, same as other property, for assessment for street improvement.

3. Not necessary for court to find equivalent of benefit to sustain assessment on specific property.

Appeal from Common Pleas.

Decree for defendant.

John P. Phillips, Chillicothe and Frank De-Lay, Jackson, for Railroad Co.

E. E. Eubanks, Jackson, for Village.

### STATEMENT OF FACTS.

The plaintiff, a railroad corporation, owns and operates a line of railway through the village of Oak Hill. The council of that village levied a special assessment against the Railroad Company for the improvement of East Street in said Village. It is now sought to enjoin the collection of that assessment, the claim being made that the improvement in question was in part or in whole made, not upon a public street of the village but upon land belonging to railroad company itself. It further claims that no benefits accrued to the railroad company from said improvement and that this assessment, together with an assessment previously made against the railroad within the last five years for a similar improvement, exceeds one-third of the value of the property assessed. The defendant * * * claims that the plaintiff is in no position to raise the question of benefits because it failed to file any objections with the clerk of the council to the assessment as provided by 3848 GC.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MAUCK, PJ.

The first question is that relating to title to the land upon which the improvement was made. The plaintiff claims title to the land now occupied by it under an instrument dated Aug. 6, 1851, and recorded only in 1902. It reads as follows:

"Know all Men, that John T. Jones * * * do hereby grant and release to said company for the sole and only use of a railroad, the right-of-way over any land owned by me in the County of Jackson and which lie on the line finally to be adopted by said road. To hold and use a strip thereof of such width as the law provides may be used by said company for that purpose * * *."

It is claimed now that inasmuch as this contract undertook to grant a strip "of such width as the law provides may be used by said company for that purpose" that there was thereby intended to grant a strip one hundred feet in width.

In the Platt case (Platt v. Pennsylvania Co., 43 OS. 228) it was determined that a railroad right of way acquired by appropriation proceedings under the act of 1848 created only an easement in favor of the railroad, and not a conveyance of the fee, and it was further determined in that case that regardless of the width of the strip involved in the appropriation proceedings, the company held an easement only in so much thereof as might prove to be necessary for the road, and that the extent of this necessity might be shown by the subsequent action of the appropriating company. In the Wachter case (Railway v. Wachter, 70 OS. 113) it was held that such a release of a right of way as we have in the instant case created only an easement, and that this right of way is not different from nor greater than would have resulted if the right of way had been taken in appropriation proceedings. That is to say, the railroad company, in the instant case, took only so much land under this contract as was necessary to construct and maintain its railroad and the extent of such taking may be shown by the subsequent conduct of the railroad company. We find, accordingly, that the purpose of the instrument was not to grant a strip one hundred feet wide, but to create an easement in such an amount of land more or less than one hundred feet wide as the railroad company might find necessary to construct and maintain its right of way.

It not only appears in the record that the railroad company never occupied any part of what is now East Street and never did anything to indicate its acceptance of an easement therein, but it appears that, elsewhere in Oak Hill, it has executed deeds affirmatively showing that the right of way accepted and enjoyed by it under this grant is much less than one hundred feet and about the same width as that now held by it east of the street in question.

It is further argued, however, that even if East Street does not in fact belong to the plaintiff company it is nevertheless not a street of Oak Hill, and not being such street that an assessment for its improvement is invalid.

It is true, as plaintiff contends, that what is now Section 3723 was originally passed in 1852. But it is also true that when passed in that year it only applied to cities and Oak Hill was never a city. Prior to 1852 a dedication of a public way by the plat of the owner was a sufficient statutory dedication without any action thereon by the public authorities, and the act referred to only attempted to qualify the owner's right to make a statutory dedication when the highway was within the confines of the city. Moreover, it is perfectly apparent that the section referred to was passed solely to protect a municipality from having an undesirable street forced upon it. It was not intended to inhibit a common law dedication. Wisby v. Bonte, 19 OS. 238. Nor does it apply "to cases where streets are established as such by public use and by acts of the city authorities improving them as such." City of Steubenville v. King, 23 OS. 610.

We now come to two questions regarding values, the first relating to the value of the property assessed and the second relating to the benefits conferred upon the property by the improvement for which the assessment is made.

The first of the questions is whether the assessment, added to assessment on the same property for improving another abutting street in 1918, is invalid under 3819 GC. On this question we find an utter failure of testimony in behalf of plaintiff's position because it has offered no testimony as to the value of its property. The only evidence adduced by the plaintiff went to the question of what the land occupied by the railroad would be worth if it were not occupied. None of the evidence offered by the railroad touched the value of the property improved as it is. Because of an utter failure of proof, plaintiff can have no relief under 3819 GC.

The other question of value, that in the question of the value to the assessed property of the improvement for which the assessment is made, is not, generally speaking, a judicial question. The views of this court along that line have been expressed in Rogers v. Johnson in the Ohio Law Bulletin for Oct. 11, 1926, and to these views we adhere. In some jurisdictions it has been held that the right of way of a railroad is not subject to assessment for the improvement of an abutting street on the theory that no benefit can accure to the railroad right of way by virtue of such improvement. In other jurisdictions a railroad right of way is held exempt for other reasons. But the general rule is that a railroad right of way, whether owned in fee or held by easement, is liable for such assessments as other property is.

The complete answer, of both law and fact, to the position taken by the plaintiff, with this testimony as a basis, is found in the opinion of Mr. Justice Holmes in L. & N. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430 (49 L. Ed. 819). After holding that the law does not require a court to find an equivalent of benefits to sustain an assessment on specific property, the distinguished jurist points out that the legislature is warranted in assuming that, apart from the specific use to which a particular tract is devoted, the land adjacent to a paved street is benefitted to the extent of the cost of such paving, and that to whatever use the occupant may desire to put the property, he will not be relieved from the assessment because he anticipates that he will not be benefitted thereby.

The finding will be for the defendant.

(Sayre and Middleton, JJ. concur.)