LICHTENWALTER v. AKRON (City)

Ohio Appeals, 9th Dist., Summit Co.

No. 1254.  Decided March 21, 1927

1091.  SEWERS—1.  The word "draining" as used in Sec. 3812, GC. is not synonomous with the words "sewers" and "drains," as used in the same section or in Sec. 5882 GC.

2.  The word "draining" used in a resolution of necessity and in subsequent legislation enacted by a city council for the improvement of a street, is not broad enough to clothe the city with power to assess, upon abutting property, any part of the construction of a storm water sewer or drain in said street.

#### First Publication of this Opinion

PARDEE, J.

The plaintiff, an abutting property owner on Spicer Street in the City of Akron, for himself and other abutting owners on said street, brought a suit in equity in the Summit Common Pleas to enjoin the collection of certain special assessments levied upon said property for the purpose of paying for certain improvements made by the city in said street.  The lower court upon the hearing, found that a portion of the assessment was improper and enjoined the collection of same.

The city officials not being satisfied with the judgment of that court, have appealed, and the case was heard in this court upon a transcript of the evidence taken in that court and some additional evidence.

The pertinent part of the resolution of necessity, duly passed by the council of the city and approved by the mayor, is in the following words and figures, to wit:

"Section 1.  That it is necessary to improve Spicer Street from East Buchtel Avenue to East Exchange Street, by grading, draining, curbing, resetting curb, redressing curb, paving, repaving, resurfacing, constructing brick gutters, and constructing sewer laterals and water service connections, which is hereby declared to be conducive to the public health, convenience and welfare, and that the plans,

specifications, estimates and profiles of said proposed improvement, on file in the office of the Director of Public Service, are hereby approved."

Later, a resolution was passed appointing an assessing board to estimate the cost to each lot in proportion to the benefits. At the time the legislation was passed there was a sewer in the center of the street between the termini of said improvement and the street had been improved by a pavement, gutters and curb.

The plaintiff claims that the resolution did not provide for storm sewers and was illegal and void as to that part levied for the sewer.

The evidence of plaintiff showed that the present sewer was adequate while that of the city was indefinite upon the point, it was further brought out that other property owners in the vicinity had not been assessed for storm sewers and why there was this discrimination is not disclosed.

The Court of Appeals held:

1. In the resolution of necessity upon which the rights of the city to make the assessment are based, drainage is expressly provided for, but nowhere in the legislation is there any provision or reference of any kind made for the construction of either a sewer or drains.

2. The state, in the exercise of its power, under 3812 GC. has granted to cities the right to make certain street improvements, and in certain cases and in certain ways the cost thereof may be assessed upon the abutting property. This is a grant of power, which cannot be enlarged or extended by the city, and in order to make valid assessments, the city is required to keep within the jurisdiction thus conferred.

3. "An important and expensive improvement, such as a sanitary sewer, certainly cannot be provided for without invoking power so to do in the manner provided by law, and it will not do to claim that right, or attempt to invoke that power, through the guise or deceit of an improper name." 102 OS. 460.

4. So, in the instant case, an important and expensive improvement such as a storm sewer, cannot be built without invoking the power granted to do so, and it certainly cannot be done under an alias or fictiticious name.

5. But there is another serious objection, as there was adequate drainage facilities, the city was incompetent to levy any assessments upon the property for such purpose, as it did not need drainage, all of the property being provided therewith. Sec. 3819 GC.

6. By 3871 GC., a city in addition to the power given to it by 3812, may provide a system of sewerage for such municipal r-poration or part thereof. By 3872, the system so devised shall be such that the city may be divided into districts and each district have a main sewer. Sec. 3873 makes provision for additional details of the plan, and Secs. 3874 and 3875 provide for notice of the plan and for making objections to the same. . Sec. 3878 provides for the passage of a resolution declaring the necessity for constructing all or a part of the sewers provided for in the plan,

and that notice thereof shall be given, and the next section makes provision for an ordinance to proceed.

7. By 3883 GC. the general assembly has made express provisions for the construction of main drains and branch drains, and by 3871 et seq. GC. the words "sewer" and "drains" seem to be used synonomously.

8. It therefore appears from the evidence offered in this case that the sewer work done in Spicer Street was the kind contemplated in this section, (Sec. 3882 GC.) and that the legislation enacted by the council was not passed in conformity therewith, as it did not declare the necessity of constructing a sewer or drain of any kind.

Perpetual injunction will issue.

(Washburn, PJ., and Funk, J., conur.)

Attorneys—Sheck, Stevens & Hargreaves for plaintiff; H. M. Hagelbarger, Director of Law; W. A. Kelly; W. H. Knowlton for City; all of Akron.