## CADY, et v HAMILTON (city)

Ohio Appeals, 1st Dist, Hamilton Co
Decided Dec. 1, 1930

Harry J. Koehler, Hamilton, for Cady, et.
Millikin Shotts, Hamilton, for city.

HAMILTON, J.

The facts are not in dispute except as to the amount of excess cost, if relief should be granted.

We are of opinion that the defense of estoppel is not maintainable in this action.

The petition was based upon the construction of sanitary sewers for Griesmer subdivision, which subdivision contained approximately 52 acres of land.

It is admitted that the sewer as constructed was designed for taking care of approximately 200 acres of unimproved territory on the basis of future development, which may or may not occur. The estoppel must be held to only apply to the sanitary sewer for the territory petitioned for.

The inequity of assessing the petitioners for the construction of sanitary sewers designed to take care of the outside 200 acres or more of undeveloped land is so apparent that it needs no further discussion.

The plaintiffs entered no waiver concerning the construction of the sewer to care for this outisde territory.

The second defense is that the parties are limited to their action at law under 3848 GC, providing: "If any person objects to

an assessment he shall file his objections in writing, with the clerk, within two weeks after the expiration of such notice. * * *"

Objections were filed, but whether or not within the time prescribed by the statute it is difficult to ascertain with certainty from the evidence. The objection filed seems not to have been acted upon by council. Neither was there any appointment of free-holders to ascertain the assessment for the reason that the assessment was made on the front foot basis, and not according to benefits. The assessment was not made until after the sewer was constructed, and the plaintiffs could have no knowledge of the amount of the assessment until the assessing ordinance was passed.

The case of **Baxter et al v. Van Houter, 115 Oh St, 288**, would, by analogy, support the rights of the plaintiffs to maintain this action. The syllabus of that case is:

"Under 6602-1 to 6602-23 GC, where a special assessment for a sanitary sewer is made after the improvement is completed, a taxpayer whose real property is assessed in excess of the value of the property as improved may apply for injunction under **12075 GC**, without first exhausting his statutory remedies."

In the course of the opinion it is said:

"* * * an assessment against property in excess of the value of the property after the improvement is made constitutes, in fact, not a special assessment, but the taking of property for public use without compensation."

In the case under consideration while it is not a question of the cost of the improvement exceeding the value of the property assessed, it is the placing of an assessment for collection against property not liable. It would appear by analogy as much the taking of the property without compensation in this case as if it were a case of the assessment exceeding the value of the property. While we do not consider it necessary, if a distinction should be made in the case at bar from the Baxter case and the cases therein cited, that distinction would favor the plaintiffs in this action, for the reason that a part of the assessment is illegal and without warrant of law, in that it is an attempt to add the cost of an improvement for the benefit of other property to the properties of plaintiffs.

It is conceded that the sewers were much larger and greater than was necessary for the improvement petitioned for, and were made and designed to take care of outside

property in addition to the needs of the Griesmer subdivision.

On both questions of the defense, we find in favor of the plaintiffs and against the defendant, and find plaintiffs are entitled to injunctive relief as prayed for.

The uncertain proposition is the amount of the excess cost. The total cost of the sewer as constructed was $68,132.90. While the evidence of the engineers is not in agreement as to the excess cost, our conclusion is that the estimate of former city engineer Willard most nearly approximates the excessive cost. This excess as found by the engineer is $22,476.25. This amount of excess deducted from the cost of the sewer as constructed, $68,132.90, would leave a balance of $45,656.67, and this is the amount we find to be legally assessable. All in excess of this sum will be enjoined.

A like decree to that entered below may be entered here.

Ross, J, concurs.