**PETERSON v KELSER, Auditor, etc, et**

Ohio Appeals, 9th Dist, Lorain Co

No 632. Decided June 13, 1933

Henry G. King, Lorain, for plaintiff.

John M. Harding, Prosecuting Atty., Elyria, and D. W. Myers, Elyria, for defendants C. S. Kelser, Auditor, and N. D. Backus, Treasurer.

Wesley L. Grills, City Solicitor, Lorain, for defendant City of Lorain.

By STEVENS, J.

This cause comes into this court upon appeal from the Court of Common Pleas of Lorain County.

Plaintiff filed his petition, wherein he alleged that he is the owner in fee simple of lots Nos. 159 and 160 in West Erie Park allotment No. 2, abutting on Hawthorne Avenue in the city of Lorain; that during the year 1927, the city of Lorain proceeded to improve Hawthorne Avenue by paving, grading, draining and curbing, by constructing a storm water sewer, and by installing sewer and water connections; and that the assessments against said premises for said improvements are in excess of one-third of the actual value of said premises after the making of said improvements. Plaintiff accordingly prays for an order enjoining collections in excess of 33 1-3% of the value of said premises after said improvements were installed, and for the recovery of money alleged to have been paid in excess of said sum.

To that petition defendants have filed general denials.

The cause has been submitted upon an agreed statement of facts.

Two of the assessments claimed—that is, the one for sewer connections and the one for water connections—are by statute exempted from the 33 1-3% limitation statute, and therefore plaintiff is not entitled to any relief as to them.

The agreed statement of facts shows the aggregate of the two other assessments against plaintiff's property, exclusive of interest, to be greatly in excess of 33 1-3% of the value of said property as improved. It is conceded that plaintiff did not avail himself of the remedies afforded him under §3848, GC, and the question is now presented whether, having failed so to do, he may maintain an action seeking injunctive relief under §12075, GC.

The record discloses that, as to assessments for the last two named improvements —that is, the assessment for pavement and the assessment for the sewer—notice of assessment and of the time for making objections was served upon the abutting property owners sought to be assessed, after the completion of the improvements.

It is contended by defendants that the case of **City of Cuyahoga Falls v Beck, 110 Oh St 82**, is conclusive of the question here presented, and that plaintiff is estopped to maintain an action seeking injunctive relief under §12075, GC, by reason of his failure to first exhaust the remedies afforded by §3848, GC.

Plaintiff contends that the case of **Baxter v Van Houter, 115 Oh St 288**, overruled the Beck case, supra, and that he is entitled to an injunction without having first availed himself of the remedy provided by the provisions of §3848, GC.

**Conkle v City of Bellevue, 117 Oh St 585**, is also relied upon by plaintiff.

This court is not in accord with the con-

tentions of either of counsel.

We do not believe that the holding in the Beck case, supra, is decisive of this action, nor do we believe that the Van Houter case, supra, overruled the Beck case.

A careful reading of the three cases relied upon leads us to the following conclusions:

In the Beck case, the Supreme Court held that, where the assessment ordinance and the objection date of the notice preceded the completion of the improvement, the property owner was required to make objection under the statute, and if he failed so to do, he could not enjoin the collection of the assessment under §12075, GC, even though the assessment exceeded the statutory limit of 33 1-3%, or did not benefit the property assessed.

In the Baxter v Van Houter case, the court held that, where the special assessment was made after the improvement had been completed, the taxpayer whose real property was assessed in excess of the value of the property as improved, could enjoin the collection of the assessment, although he had not exhausted his statutory remedy by making the proper objection under the statutes.

In the case of Conkle v City of Bellevue, the assessment was made after the improvement had been completed, and it was also there claimed that the assessment exceeded the value of the property assessed after the improvement was made, and the court therein applied the rule laid down in Baxter v Van Houter, and permitted the property owner to enjoin, even though he had made no objection to the assessment.

In the instant case, an application of the rules laid down by the Supreme Court in the above cases leads us to the conclusion that the plaintiff herein may properly maintain his action seeking injunctive relief against said sewer and paving assessments without having first exhausted the remedies afforded by §3848, GC, the assessments herein having been made after the improvement was completed.

The aggregate of said two assessments against plaintiff's property being in excess of one-third of the value thereof after the improvements were made, an injunction may issue enjoining the defendants from collecting any amount upon said two assessments in excess of 33 1-3% of the value of said premises, as improved.

In determining said 33 1-3%, the base assessment, without interest or carrying charges, will be considered as the basis for computation thereof; and any amount

still due in excess of said 33 1-3%, after giving credit for what has already been paid, is enjoined.

We further hold that plaintiff is not estopped from prosecuting his action to secure any relief to which his predecessor in title may have been entitled, in connection with said assessments, by reason of the fact that plaintiff acquired title to said premises after the assessments were levied thereon, there being no express promise to pay the same in plaintiff's deed.

Decree accordingly.

WASHBURN, PJ, and FUNK, J, concur in judgment.