**PARDEE v CUYAHOGA FALLS (city) et**
**WACHTEL v CUYAHOGA FALLS (city) et**
**GILBERT NIED DEVELOPMENT CO v**
**CUYAHOGA FALLS (city) et**

Ohio Appeals, 9th Dist, Summit Co

Nos 2331 & 2332. Decided July 12, 1933

Beery, Underwood, Ryder & Russell, Akron, for plaintiffs.

Arthur L. Sidnell, City Solicitor, Cuyahoga Falls, for defendants.

ROBERTS, J, (7th Dist) sitting by designation.

**OPINION**

By STEVENS, J.

These causes are before this court on appeal from the Court of Common Pleas.

The defendant city, under §3871 et seq, GC, attempted to legislate for the construction of district sewers within the municipality, and to assess the cost thereof upon the property benefitted thereby.

The plaintiffs brought their actions to enjoin the collection of the assessments.

Three grounds of objection are urged:

1. That no valid sewer district was ever established.

2. Irregularity in the legislative proceedings of council.

3. That the assessments were not made according to benefits resulting from the improvement.

Sec 3871, GC, and succeeding sections, provide the manner in which a municipality may proceed with the construction of sewers and the assessing of the cost thereof against the benefitted property. Those steps are as follows:

1. Passage by the municipal council of an ordinance creating the sewer district. (§§3871 and 3872, GC).

2. Preparation of a plan by the municipal engineer, or some person employed by the municipality, and the reporting of said plan by him to the council for its confirmation. (§§3871, 3872 and 3873, GC).

3. Publication of notice in one newspaper of general circulation in the municipal corporation, of the preparation of such plans, and that said plans are on file in the office of the clerk of council for examination and inspection by parties interested. (§3874, GC).

4. Receiving of complaints or objections to such plans, and the making of amendments or corrections thereof by council. (§3875, GC).

5. Certification of plans by council, either in original or amended form. (§3875, GC).

6. Passage by the municipal council of a resolution confirming or adopting and approving said plans. (§3871, GC).

7. Filing of said plans with the city auditor or clerk of council. (§3875, GC).

8. Passage by the council of a resolution designating the portions of the work required for immediate use, and ordering the engineer to prepare an estimate of the cost and expense of constructing the same, and to report such estimate to council. (§3877, GC).

9. Receipt by council of the engineer's estimate of cost and expense of construction. (§3877, GC).

10. Passage by the council of the resolution of necessity. (§3878, GC).

11. Publication of notice of passage of the resolution of necessity. (§3879, GC).

12. Passage by the council of an ordinance determining to proceed with the proposed improvement. (§3879, GC).

13. Advertising for bids and awarding the contract. (§3880, GC).

14. Passage by council of an ordinance levying assessments. (§3881, GC).

15. Filing with clerk of assessment roll, for inspection and examination of persons interested. (§3895, GC).

16. Publication of notice of assessment. (§3895, GC).

The general rule with reference to the taking of the foregoing steps, is that a strict construction against the city, and in favor of the property owner attempted to be assessed, will be applied.

In Lichtenwalter v City of Akron, 25 Oh Ap 108, (5 Abs 386), (affirmed in City of Akron v Lichtenwalter, 117 Oh St 257), this court said, at page 111:

"When the right thus given to the city as to levying assessments is considered, the proceedings should be construed strictly in favor of the property owner assessed."

The Supreme Court, in the same case, supra, said, at page 359:

"Before the city has authority to proceed with the construction of any such improvement and levy assessments to meet the cost and expense thereof, it is essential that it follow the course prescribed by statute, and it is well settled that statutes imposing taxes and assessments are to be strictly construed; any doubt must be resolved against the imposition of the burden."

The evidence in the instant cases, discloses a failure upon the part of defendant city to file the plans for the proposed improvement with the clerk of council at any time up to the date of the trial in the lower court; nor were said plans ever filed with the city auditor.

In addition thereto, the city council failed to ever approve, confirm or adopt said plans by resolution, and there is no evidence in the record that the plans were ever certified by the council.

The evidence further shows that no completed plan for the proposed improvement was in existence at the time of the passage of the resolution of necessity, and that said plan was not completed until January, 1930, some three months after the passage of the resolution of necessity. The Supreme Court of this state has said, in the case of Kasch v City of Akron, 100 Oh St 229, the following:

"2. It is essential to the validity of proceedings ordering an improvement * * * that plans, specifications, estimates and profiles of the proposed improvement shall be on file in the office of the director of

public service in cities, or the clerk in villages, at the time of the passage of the resolution declaring such improvement necessary."

The failure of the council to comply with the statutory procedural requisites in the legislation for the proposed improvement, places it in a position where it is without authority to assess the cost of said improvement against the property benefitted (Lichtenwalter v City of Akron, supra). Being without authority to assess, it necessarily follows that the assessments sought to be levied are void, and not simply invalid.

This distinction becomes of importance in considering the question of the right of the city to reassess under §3902, GC.

The failure to file the plans with the proper city officials, in and of itself, would under Kasch v City of Akron, supra, render the proceedings only invalid by reason of irregularity in the proceedings, in which event the council could reassess under said section.

It is urged by the defendant city that on the authority of the case of **Beck v City of Cuyahoga Falls, 110 Oh St 82,** plaintiffs are estopped from maintaining their actions by reason of their failure to exhaust their statutory remedies before applying for injunctive relief.

This court had occasion recently to pass upon that contention, in the case of **Peterson v Kelser, Auditor et, 15 Abs 69.** It was there held, after a consideration of the Beck case, supra, and upon the authority of the cases of **Baxter v Van Houter, 115 Oh St 288,** and **Conkle v City of Bellevue, 117 Oh St 585,** that "where the special assessment was made after the improvement had been completed, the taxpayer whose real property was assessed in excess of the value of the property as improved, could enjoin the collection of the assessment, although he had not exhausted his statutory remedy by making the proper objection under the statutes."

Application of that rule to the instant cases, results, of course, in the conclusion that the plaintiffs are not estopped to maintain these actions by reason of their failure to exhaust their statutory remedies, the assessments herein having been levied after the completion of the improvement.

We accordingly hold that the attempt of the city to assess the cost of the improvement against the property alleged to be benefitted thereby, is void, for the reason that the council has not complied with the statutory procedural requisites.

We further hold that, the assessing ordinance being a nullity and void, the city cannot lawfully reassess.

Further, that the plaintiffs are not estopped to maintain this action.

A perpetual injunction may issue restraining the defendants and their successors from collecting any of the installments of said assessments attempted to be levied for said improvement, or from collecting any sum of money therefor.

The other question presented, i.e., the invalidity of the assessment for the reason that it was not levied according to benefits, we deem it unnecessary to pass upon, in view of our holding as hereinbefore set out.

Decree accordingly.

ROBERTS and FUNK, JJ, concur in judgment.