**PAICH ct v AKRON (city) et**

Ohio Appeals, 9th Dist, Summit Co

No 2286. Decided Jan 12, 1934

Meade E. Chamberlin, Akron, for plaintiffs.

Gillum H. Doolittle, Dir. of Law, Akron, and Charles D. Evans, Asst. Dir. of Law, Akron, for defendants.

**OPINION**

By WASHBURN, PJ.

A transcript of the evidence introduced in the Common Pleas Court was introduced in this court, supplemented by some evidence taken in this court. It is apparent from that evidence that the assessment in this case was not made until **after** the improvement of said street, which consisted of widening and paving of the same, was completed.

We have recently held (in the case of **Peterson v Kelser, 15 Abs 69**) that under such circumstances the fact that the property owner, upon being notified by publication of the making of said assessment, fail-

ed to object to said assessment within the time prescribed by statute, did not prevent him from prosecuting an action, under §12075, GC, to enjoin the collection of said assessment on the ground that it exceeded one-third of the value of his property after the installation of the improvement.

In the case at bar, the claim is that the widening of said street in front of plaintiffs' property conferred no benefit whatever upon their property.

A consideration of the evidence in the case leads us to the conclusion that that claim is justified.

We are aware that courts of this state generally recognize the difficulty of attempting to estimate the benefits accruing to a particular property from a public improvement and that there is no rule or principle of general application by which to judge such matter, and that therefore the finding of the legislative body making the assessment that the property is benefitted by the improvement, is of importance, and is usually regarded as justifying a finding that the assessment is prima facie correct and will not be enjoined unless so excessive as to clearly exceed the special benefits.

In this case we can find no satisfactory reason in the facts and circumstances shown by the evidence for saying that any particular assessment, greater or less than the one made, would represent the benefits conferred upon the property of the plaintiffs by the widening of the street, but the record discloses that at the same time the assessment in question was made there was assessed upon plaintiffs' said property more than $2200 for the pavement of said street, in addition to the assessment in question of over $500 for the land taken in the widening of said street.

While, by reason of plaintiffs' having signed a petition containing a waiver for said paving, they cannot contest said paving assessment, it is proper to consider the same upon the question of whether all the benefit accruing to plaintiffs' property is attributable to such pavement, or whether any part of such benefit is attributable to the widening of said street.

Under the evidence in this case, we find, as has already been said, that the widening of said street, under the circumstances shown by the record, is of no present or potential benefit to the property of plaintiffs.

We are of the opinion that plaintiffs have a right to maintain this action to enjoin the collection of said assessments, and a decree may be drawn accordingly.

As the facts in this case were set forth in detail and were fully considered in an opinion rendered by the Common Pleas Court, in which opinion the law applicable to the case was fully discussed, and as we have reached the same conclusion as was there reached, we deem it unnecessary to extend this opinion.

Judgment accordingly.

FUNK and STEVENS, JJ, concur in judgment.