## THOMPSON et v KELSER, Auditor, Etc, et

Ohio Appeals, 9th Dist, Lorain Co

No 633.   Decided April 26, 1934

Henry G. King, Lorain, for plaintiffs.

Frank E. Stevens, Prosecuting Atty,. Elyria, for defendants C. S. Kelser, Auditor, and N. D. Backus, Treasurer.

Wesley L. Grills, City Solicitor, Lorain, for defendant City of Lorain.

## OPINION

By STEVENS, J.

Two of the assessments claimed—that is, the one for sewer connections and the one for water connections—are by statute exempted from the 33 1/3% limitation statute, and therefore plaintiffs are not entitled to any relief as to them.

The agreed statement of facts shows the aggregate of the two other assessments against plaintiffs' property, exclusive of interest, to be greatly in excess of 33 1/3% of

the value of said property as improved. It is conceded that plaintiffs did not avail themselves of the remedies afforded them under §3848, GC, and the question is now presented whether, having failed so to do, they may maintain an action seeking injunctive relief under §12075, GC.

The record, including the supplement to the agreed statement of facts, discloses that, as to assessments for the last two named improvements—that is, the assessment for pavement and the assessment for the sewer—notice of assessment and of the time for making objections was served upon the abutting property owners sought to be assessed, after the completion of the improvements.

It is contended by defendants that the case of **City of Cuyahoga Falls v Beck, 110 Oh St 82,** is conclusive of the question here presented, and that plaintiffs are estopped to maintain an action seeking injunctive relief under §12075, GC, by reason of their failure to first exhaust the remedies afforded by §3848, GC.

Plaintiffs contend that the case of **Baxter v Van Houter, 115 Oh St 288,** overruled the Beck case, supra, and that they are entitled to an injunction without having first availed themselves of the remedy provided by the provisions of §3848, GC.

**Conkle v City of Bellevue, 117 Oh St 585,** is also relied upon by plaintiffs.

This court is not in accord with the contentions of either of counsel.

We do not believe that the holding in the Beck case, supra, is decisive of this action, nor do we believe that the Van Houter case, supra, overruled the Beck case.

A careful reading of the three cases relied upon leads us to the following conclusions:

In the Beck case, the Supreme Court held that, where the assessment ordinance and the objection date of the notice preceded the completion of the improvement, the property owner was required to make objection under the statute, and if he failed so to do, he could not enjoin the collection of the assessment under §12075, GC, even though the assessment exceeded the statutory limit of 33 1/3%.

In the Baxter v Van Houter case, the court held that, where the special assessment was made **after** the improvement had been completed, the taxpayer whose real property was assessed in excess of the value of the property as improved, could enjoin the collection of the assessment, although he had not exhausted his statutory remedy by making the proper objection under the statutes.

In the case of Conkle v City of Bellevue, the assessment was made **after** the improvement had been completed, and it was also there claimed that the assessment exceeded the value of the property assessed after the improvement was made, and the court therein applied the rule laid down in Baxter v Van Houter, and permitted the property owner to enjoin. even though he had made no objection to the assessment.

In the instant case, an application of the rules laid down by the Supreme Court in the above cases leads us to the conclusion that the plaintiffs herein may properly maintain their action seeking injunctive relief against said sewer and paving assessments without having first exhausted the remedies afforded by §3848, GC, the assessments herein having been made after the improvement was completed.

The aggregate of said two assessments against plaintiffs' property being in excess of one-third of the value thereof after the improvements were made, an injunction may issue enjoining the defendants from collecting any amount upon said two assessments in excess of 33 1/3% of the value of said premises, as improved.

In determining said 33 1/3%, the base assessment, without interest or carrying charges, will be considered as the basis for computation thereof; and any amount still due in excess of said 33 1/3%, after giving credit for what has already been paid, is enjoined.

We further hold that plaintiffs are not estopped from prosecuting their action to secure any relief to which their predecessor in title may have been entitled, in connection with said assessments, by reason of the fact that plaintiffs acquired title to said premises after the assessments were levied thereon, there being no express promise to pay the same in plaintiffs' deed.

Decree accordingly.

WASHBURN, PJ, and FUNK, J, concur in judgment.