### MORTON v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 5004.   Decided June 1, 1936

Jos. T. Harrison, Cincinnati, for plaintiff.

John D. Ellis, Cincinnati, and Francis T. Bartlett, Cincinnati, for defendants.

### OPINION

By ROSS, PJ.

This matter is before this court on appeal from the judgment of the Court of Common Pleas of Hamilton County, having been rendered November 12, 1935.

It involves the contention of the plaintiff that certain assessments levied upon his property by the City of Cincinnati are unlawful and that the collection thereof should be enjoined.

In the answer of the city it is averred:

"Defendant further says that each of the assesments levied by ordinance of the council of the city of Cincinnati were made in accordance with the report of an estimating board of three disinterested freeholders appointed by council to report an estimated assessment upon the properties found to have been specially benefitted by each of said improvements and in accordance with the special benefits conferred upon each of said properties by each of said improvements, respectively."

As a second defense in the answer it is alleged that notice of the filing of the report of the estimating board of each estimated assessment referred to in plaintiff's amended petition was given by publication in the City Bulletin, that no objection was filed by plaintiff, that thereafter the equalizing boards, appointed to consider objections, made their report to council and that thereafter council passed its assessing ordinance.

In the reply the plaintiff denies that assessments were made according to benefits and denies that he is estopped to object to said assessments where the same either

are in excess of the benefits or amount to a confiscation of property.

It appears that the assessments were made after the improvement and that no objections were filed thereto.

Sec 3819, GC, provides as follows:

"The council shall limit all assessments to the special benefits conferred upon the property assessed, and in no case shall there be levied upon any lot or parcel of land in the corporation any assessment or assessments for any or all purposes, within a period of five years, to exceed thirty-three and one-third per cent of the actual value thereof after improvement is made. Assessments levied for the construction of main sewers shall not exceed the sum that in the opinion of council would be required to construct an ordinary street sewer or drain of sufficient capacity to drain or sewer the lots or lands to be assessed for such improvement, nor shall any lots or lands be assessed that do not need local drainage or which are provided therewith."

A further limitation upon the taking of property is prescribed in §19 of Article I of the Ohio Constitution.

It is obvious from a reading of the opinion in Baxter et v Van Houter, Auditor et, 115 Oh St, 288, that while the statutory limitation may be waived by failure to file timely objection, that the constitutional limitation may always be asserted in a court of equity, even where no objection has been made. The syllabus of this case is:

"Under §§6602-1 to 6602-23, GC, where a special assessment for a sanitary sewer is made after the improvement is completed, a taxpayer whose real property is assessed in excess of the value of the property as improved may apply for injunction under §12075, GC, without first exhausting his statutory remedies."

Sec 6602-2, GC, provides for the filing of objections to the assessments considered in the Baxter case.

Considering the several causes of action herein involved, it is apparent that in many instances the plaintiff might now invoke the one-third and benefit limitations provided for in §3819, GC, had objection been made, but that now only in cases where the assessments exceed the value of the property as improved can such assessment be considered a taking of the property of the

plaintiff without compensation, and the amount of the assessment be considered.

Applying these principles, we find and conclude that in the sixth cause of action —Lot No. 21—assessment $367.80. Benefit not more than $150—value of the lot as improved not more than $300—1-3 thereof $100.00. We enjoin the excess, to-wit— $267.80.

The tenth cause of action—Lot No. 426— Assessment $580.00—benefit not more than $175.00—value of lot as improved not more than $475.00.—1-3 thereof $158.00. We enjoin excess of $422.00.

The eleventh cause of action—Lot No. 428 —Assessment $580.00—benefit not more than $175.00—value of lot as improved not more than $475.00—1-3 thereof being $158.00. Excess enjoined $422.00.

An examination of the evidence applying to all the other causes of action shows no ground for granting relief in view of the failure of the plaintiff to make timely objection, and the absence of evidence showing confiscation of the property of the plaintiff.

A decree may be presented accordingly.

MATTHEWS and HAMILTON, JJ, concur.