## KENTUCKY JOINT STOCK LAND BANK OF LEXINGTON, KY v JEWETT et

Ohio Appeals, 2nd Dist, Franklin Co

No 2697. Decided Jan 20, 1937

Fred W. Postle, Columbus, and Robert H. Hayes, Columbus, for appellant.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Eugene Carlin, Columbus, and Robert J. Odell, Asst. Prosecuting Attorneys, Columbus, for appellees.

## OPINION

By CRAIG, PJ.

Appellant is the owner and holder of a mortgage on a tract of land consisting of 108.22 acres in Franklin County. This mortgage was executed by W. C. Jewett and his wife, Edna M. Jewett, on June 29, 1927, and thereafter was duly filed with the Recorder of Franklin County, and thereafter recorded. This land is situated on the north side of Route No. 161 which runs in an easterly and westerly direction two miles east of Worthington and one-half to three-quarters of a mile west of Route No. 3 which runs in a general northeasterly and southwesterly direction.

In 1928 appellant, a nonresident corporation with headquarters in Lexington, Kentucky, had a representative in Franklin County by the name of Crellin whose authority was limited to the taking of applications for loans and looking after certain routine matters in the closing thereof. Its general state representative in Ohio at the time was W. T. Copeland of Wapakoneta. Crellin owned a tract of land immediately north of the land in question which he had subdivided and there was a road through it leading from Route No. 3 in a westerly direction, then turning south toward the Jewett land. This road had no outlet.

Crellin suggested to Jewett the idea of building a road through the latter's land from Route No. 161 which would connect with the road in Crellin's subdivision. Crellin seems to have taken care of most of the details in connection with the plan. Jewett platted his land and dedicated to public use a fifty foot strip running northerly from Route No. 161 and connecting with the road in the Crellin subdivision. The plat was duly approved and the roadway accepted. Thereupon under the provisions of §6974, et seq GC, Jewett, as sole owner of the lots abutting on the recently dedicated roadway, joined by Crellin, petitioned the Commissioners of Franklin County to construct a hard surface road. In the absence of proof to the contrary we must conclude that all statutory requirements of a procedural nature were met. 22 C.J. 130; 10 R.C.L. 890.

Thereupon the improvement proceeded to completion. Of these proceedings appellant had no actual notice until 1932 when Jew-

ett informed them as to what had taken place.

At the time of the improvement this land, according to appellee's expert witness, was worth $150.00 per acre, and according to appellant's expert, $100.00 per acre. The improvement enhanced the value of the land $5000.00 according to appellant's expert, and $50.00 per acre, or $5410.50, according to appellee's expert. The abutting property which made up only a portion of the 108 acres, was assessed the entire amount of the cost of the improvement, to-wit, $30,655.77. On any basis of computation this is far in excess of the value of the land as improved. The assessments were spread over a period of ten years, the first installment being due and payable in December, 1929. In anticipation of the collection of these assessments the county issued bonds which are in the hands of holders for value.

On July 31, 1933, appellant filed its petition for foreclosure of its mortgage setting forth also the facts surrounding the platting of the land, dedication of the public road, the making of the improvement and the levying of the assessments. Appellant charges that the assessments are confiscatory and asks, among other things, that the assessments be declared invalid and of no effect and that the treasurer of Franklin County be restrained from collecting or attempting to collect the assessments.

The Common Pleas Court found against the appellant which has prosecuted to this court its appeal on questions of law.

On behalf of the County Commissioners it is argued, principally, that appellant was not an "owner" and not entitled to notice under the provisions of §6974, et seq GC; that the requirements of the statutes have been met; that appellant neither objected to nor appealed from the order levying the assessment and is estopped to deny its validity.

If the assessment or any part thereof is valid, it is superior to appellant's mortgage. 27 O. J. 206. The fact that appellant is a nonresident is immaterial. We are not impressed with the argument that appellant did not have sufficient notice of the improvement. Certainly there is no requirement of the statute that it be given actual notice of the proposed improvement. The fact that it had no representative in the vicinity to inform it of what was going on must be charged to its own management. It appears that although the improvement was made in 1928 or 1929, appellant had no actual notice thereof until 1932. Appellant relies on the case of **City of Toledo v Brown, 130 Oh St 515,** in which the Supreme Court holds that the required notice was too vague to inform the mortgagee that his property was to be taken for public use. No question is raised in this case as to the sufficiency of the notice by publication but the basis of the complaint is that appellant was a nonresident and had no actual notice. If appellant were entitled to such special consideration it should extend to every type of lienholder regardless of the amount involved.

A far more serious question is presented by the amount of the assessment as compared with the value of the land. Undeniably this community was under the exhilarating influence of a real estate boom in 1928 and at this time subdivisions were laid out in great numbers. It is understandable that owners of land such as this made subdivisions in the hope that they would realize a profit. This perhaps is an extreme case inasmuch as it is said that the subdivision anticipated the normal growth of population in the vicinity by twenty-five years. Encouraged by Crellin, Jewett took the necessary steps to place before the County Commissioners his petition for the construction of a roadway. Although, according to appellee's own witness, the entire tract of 108 acres as improved was worth $21,600.00, the Commissioners saw fit to assess the abutting land over $30,000.00.

Judge Allen in **Baxter v Van Houter, Auditor et, 115 Oh St 288,** at pages 295 and 296, quotes with approval from the case of City of Louisville v Bitzer, 115 Ky. 369, 73 SW 1115, 61 L.R.A. 434, as follows:

"The rule, also, is that, while these assessments rest upon the basis of benefits or presumed benefits to the property assessed, it is not essential to their validity that actual enhancement in value or other benefits to each owner should be shown; the judgment of the city council being conclusive as to the propriety of the improvement. (Citing Kentucky holdings). On the other hand, it is held that when, owing to extraordinary facts, the presumption on which the rule rests does not apply, and to force the owner to make the improvement is to confiscate his property without compensation, this is spoliation, and will not be enforced. * * * In other words, the judgment of the legislative municipal

authorities is held conclusive in all cases of doubt as to these matters; but, where the total value of the property taxed after the improvement is made is less or no more than the cost of the improvement, there is no room for difference of opinion—that to enforce the lien is to take from the owner his property without compensation. * * * It may be objected that logically the rule should be to reject all assessments in excess of the benefits received by the property owners, and not to confine its operation to cases where the assessment equals the value of the property when improved. But in every system of taxation exact equality of benefits among those taxed is never attainable. * * * But no department of the government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown.

"The proof here showing conclusively that the cost of the improvement far exceeded the entire value of the property assessed after the improvement was made, the Circuit Court properly refused to enforce the lien upon the property."

In the Baxter case constructive notice was given of the intended improvement. The lot owners knew it was being done, but when the assessments made were far in excess of the value of the land as improved, the court said that injunction would lie although the statutory remedy of appeal had not been followed. In the Baxter case the assessment was not made until after the completion of the improvement, but that is not the basis of the decision. The important thing is that the assessments were grossly in excess of the value of the land as improved. Such an assessment is the taking of property for public use without compensation. See pages 294 and 295 in the Baxter case, supra.

Inasmuch as the effect of these assessments is to impair if not destroy the security of the mortgagee, we  hold that the mortgagee has such an interest in the property as to entitle it to bring this action. **City of Toledo v Brown, 130 Oh St 513.**

Taking as correct the estimates of appellees' own witnesses, the assessment was in excess of the value of the entire tract of 108 acres as improved, although a portion of the tract was not assessed. This testimony in its most favorable light to appellees, indicates conclusively that the assessment as it now stands is confiscatory in excess of $5410.50 which is at the rate of $50.00 per acre for the entire tract. See **Cady v City of Hamilton, 38 Oh Ap 99 (9 Abs 400), and Falor v Mong, Auditor, 47 Oh Ap 442 (17 Abs 291).** Since due notice of the improvement was given and as the abutting property was enhanced in value and the appellant filed no objection to the improvement, the roadway will not be sold and the mortgage lien thereon, if it exists, will not be enforced.

As modified, the judgment of the Common Pleas Court is affirmed.

HORNBECK and BARNES, JJ, concur.