## PELTON v BOARD OF COUNTY COMMISSIONERS OF WOOD CO et

Ohio Common Pleas, Wood Co

Decided Nov 10, 1937

Edward M. Fries, Bowling Green, for plaintiff.

Floyd A. Coller, Prosecuting Attorney, Bowling Green, for defendants.

## OPINION

By CONN, J.

This is an action to enjoin the collection of a special assessment against the lands of plaintiff, and has been submitted on the pleadings, the evidence adduced upon the hearing, the arguments and brief of counsel. It is the claim of the plaintiff that the special assessment made against the lots and lands described in her petition is void and amounts to the taking of property in violation of §19, Article 1, of the Ohio Constitution, for the reason that said lots and lands are unimproved and have no market value, and that no benefits accrued to any of said lots and lands by reason of said assessment, and that attempted assessments on said parcels were not made and levied according to the benefits accruing to same.

It is the further claim of the plaintiff that said lots are unimproved and that the lots abutting on the south side of said improvement are located on the basin of an old stone quarry and that the lots on the north side of said improvement, excepting lot No. 258, are low and subject to overflow in time of high water.

The defendants in their answer admit that none of said lots were improved, and specifically deny the several allegations in plaintiff's petition, including a denial that the said lots and lands did not have any value of any kind at the time said improvement was made; deny that said lots and lands have no market value and that said improvement did not result in the accruing of any benefit to same; deny that said lots and lands overflow at time of high water and that the assessment levied against same are unlawful and in violation of the provisions of the Ohio Constitution.

Defendants claim that said assessment and all proceedings had were taken in accordance with §6906 et seq., GC, and that a public notice as provided by law was given in a newspaper of general circulation in this county and a time fixed by the board of county commissioners for hearing objections to said improvement and to the estimated assessment; that no objections were filed to said improvement or to the estimated assessment thereon and that said improvement was thereafter duly made in accordance with law. It is further claimed that the plaintiff having failed to file objections, thereby waived any objections she might have had, and that plaintiff is now estopped from obtaining an order enjoining the collection of said assessment.

There is a further claim made of defect of parties in that plaintiff has failed to make all the owners of the assessed properties for said improvement parties to this action. However, this claim has not been urged in argument or brief of counsel.

The improvement in question was made and completed during the summer of 1929. Plaintiff filed her original petition seeking an order permanently enjoining the collection of said assessment on March 30, 1937. At the threshold of this case we are met with the claim that the plaintiff has waived her right to object to the levying and collection of the assessment in question and is now estopped from seeking relief in a court of equity. The importance of this question requires that it have first attention.

Defendants claim that notice of the proposed improvement of Park Avenue, and the time and place of hearing objections, was duly given by publication in a newspaper of general circulation in this county once a week for two consecutive weeks, as provided in §6936, GC, being a section of Chapter V of the Code providing for road construction and improvement by county commissioners. Said section further provides that unless such claims are filed as provided in such notice that same shall be waived except as to minors and any person under disability.

The plaintiff resides in the city of Fostoria with her husband, W. H. Pelton, who is a dentist by profession and has been a resident of that city for many years. The lots and lands described in plaintiff's petition while located in this county are contiguous to the city of Fostoria. It appears that plaintiff had no actual notice of the filing of the petition for the improvement of Park Avenue, or the subsequent action taken by the commissioners, or the assessment made against her said lots, and had no knowledge thereof, until after the work

had been begun. This was sometime in the summer of 1929. At that time, the date previously fixed for filing objections had long since expired.

No objections to the proceedings, including the giving of published notice, are raised by plaintiff and no irregularities therein claimed. It is the claim of the defendants that having followed the provision of the statutes in all respects and the plaintiff having failed to file her petition within the time fixed, she is now estopped, and at this late date has no standing in a court of equity.

Plaintiff contends, however, that by virtue of the provisions of §12075, GC, she is entitled to maintain her action to enjoin the collection of the special assessment against her property on the ground that she had no actual notice or knowledge of the provisions authorizing the improvement and making the special assessment, and on the further ground that the assessment is illegal and void.

An examination of the cases in Ohio which have considered the right of the property owner to come into a court of equity, under favor of §12075, GC, indicates that there is some lack of uniformity in the numerous written opinions relative to the rights of a property owner in cases of special assessments, against his property, and some confusion in the law itself in the reported cases. However, there is a line of cases which appear to hold that where the property owner has had actual notice or knowledge of the special assessment proceedings, or of the assessment and levy and was afforded an opportunity to protest same, and failed to use such opportunity to make appropriate and timely objections and thereafter pursue the remedy provided by statute, such failure appears to constitute a waiver of the right to question the assessment in a court of equity under §12075, GC, where the proceedings are in all respects regular and in conformity with the statute. See: **Spaulding, Treas. v Wickham, 105 Oh St 434; Bashore v Brown, Treas., 108 Oh St 18; Cuyahoga Falls v Beck et, 110 Oh St 82; Scherler et v Maple Heights, 40 Oh Ap 389 (11 Abs 118); Peterson v Keiser, 15 Abs 69.**

There is a line of well considered cases holding that even where the property owner, although notified of the proposed improvement and assessment, in the manner and form as provided by statute, fails to make timely objection and pursue the

remedy under the statute, such owner is not prevented from prosecuting an action under §12075, GC, and seek injunctive relief where the assessment is excessive or illegal. See: **Novak et v Steele, 11 Abs 699; Paich v Akron, 16 Abs 265; Ward v English, 18 Abs 267.**

It has also been held that where a property owner knew a certain sewer was being constructed but never saw the published notice of the assessment and had no knowledge of such assessment, or of the time and place in which to make objections and where the assessment was made after the improvement was completed, such owner may apply for injunction under §12075, GC, without first exhausting his statutory remedies, where the assessment is in excess of the value of the property as improved. See: **Baxter v Van Houter, etc., 115 Oh St 288; Peterson v Keiser, 15 Abs 69; Pardee et v Cuyahoga Falls, 16 Abs 355; Thompson v Keiser, Auditor, 17 Abs 354; Kentucky Jt. St. L. Bk. v Jewett, 55 Oh Ap 422 (23 Abs 620), 9 O.O. 116.**

The rule announced in **Baxter v Van Houter, 115 Oh St 288,** was followed in **Falor v Mong, 47 Oh Ap 442 (17 Abs 291),** where it appeared that the assessed property for a sewer improvement did not receive any benefits whatsoever from the improvement so made. Same in **Mallo v Village of Dover, 36 Oh Ap 84 (7 Abs 620),** where no notice was given. See also: **Kelly v City of Cincinnati, 6 Oh Ap 466; B. & O. Rd. Co. v Village Oak Hill, 25 Oh Ap 301, (5 Abs 777); John v Village of New Concord, 39 Oh Ap 9.**

At least one court distinguished between a limitation provided by statute and the limitation prescribed in §19, **Article 1 of the Ohio Constitution,** holding the former may be waived, but not the latter. See **Morton v Cincinnati, 22 Abs 567.**

In the instant case it appears that the plaintiff had no actual notice or knowledge of the proposed improvement or of an assessment made against her property until a considerable time after the date fixed for hearing objections, and in fact did not learn of the proceedings taken authorizing the improvement until the improvement itself was under way.

The apparent purpose of the statute in requiring the commissioners to announce a time for hearing of objections is to afford the board an opportunity, upon objections being made to correct any irregularity in the assessment, and also to provide the property owner a remedy by way of appeal from the final action taken by

the board. When a land owner with knowledge of a special assessment against his property, made in a lawful manner, suffers the proceedings and work· to go on without effective protest, he is estopped in a court of equity from enjoining the collection of the assessment so made to pay for the improvement. See 20 **O. Jur. 927.**

Under the facts and circumstances of the case before us, we do not find that plaintiff is estopped, and may, even at this late date, seek injunctive relief under favor of §12075, **GC**, on the ground of illegality, in that the assessments in question is in excess of the benefits conferred.

This brings us to the consideration of to what relief, if any, plaintiff·may be entitled. Plaintiff claims that the improvement in question was and is devoid of all benefits to her property. This claim appears to be predicated primarily on the ground, as asserted by plaintiff, that said lots and lands are without value.

The burden of proof is on the plaintiff to show that plaintiff's land was not specially · benefited by the improvement, or was not benefitted to the extent equal to or greater than the special assessment made against it. If plaintiff fails to meet this burden she is not entitled to relief and the prayer of her petition must be denied.

Special assessments rest on the theory of special benefits, and while there are some limits to legislative discretion in imposing them, these limitations are not clearly established, and the question of benefits is not a judicial one "unless the court can plainly see that no benefit can exist and this absence of benefit is so clear as to admit of no dispute or controversy by evidence." **Rogers v Johnson, 21 Oh Ap 292, 307.**

Special benefits are benefits above and beyond those which are enjoyed in common with the public at large. That is to say, the special benefit afforded on each lot is the basic consideration, as distinguished from those benefits common to the public. :**36 O. Jur. 918, §14, Anderson v Cincinnati, 45 Oh St 407; Walsh v Barron, Treas., 61 Oh St 15; Walsh v Sims, Treas., 65 Oh St 211.**

Special benefits do not simply mean an advance or increase in market value, but an actual increase in money value or in potential or actual use or enjoyment of the property in not too remote a future. **36 O. Jur. 926, §17.** The special benefit derived from the improvement should at least equal the amount of the assessment. **36 O. Jur. 901, §2.**

It is also proper to observe that where the proceedings taken by public officials in making a special assessment for public improvement are free from irregularity, they cannot be set aside lightly. **Lucas v Blaine, 42 Oh Ap 177 (10 Abs 360).** So where an assessment has been levied in accordance with the provisions of the statute and upon a basis that is reasonable, the courts will not undertake to control the discretion of the public officials in the performance of their duties. On the other hand, it appears well settled that where the assessment is levied upon abutting property without regard to benefits and the assessment made is in excess of the special benefit conferred, such assessment may be enjoined to the extent that it is excessive. **20 O. Jur. 918, §238. 36 O. Jur. 1008, §36.**

It appears from the evidence that outlot "A" was purchased. by plaintiff after the action taken by the county commissioners to improve said Park Avenue and after the improvement itself was completed. In view of the fact that evidence fails to show that the plaintiff agreed to pay the special assessment levied and assessed against said lot we conclude plaintiff is not estopped to petition a court of equity to enjoin the collection of an assessment to the same extent as her predecessor in title. **17 Abs 354.**

We have reviewed the evidence touching the question of the value of the lots, and parcels of land described in plaintiff's petition and find.upon the evidence adduced, that the lots and lands in question have some value. The evidence also preponderates in favor of the plaintiff, and the claim made by her that the assessment as to each parcel is excessive, and was excessive when made. Under the rule established in Ohio so far as we can understand it, plaintiff appears to be entitled to relief. Not to the extent as prayed for, however, as the assessment does not appear to be void, but voidable in so far. as it is excessive.

The evidence is conflicting and as is usual in cases where opinions of witnesses as to value are received, there is considerable variation. On the whole case we reach the conclusion that the fair and reasonable value of the lots and parcels of land after

the improvement was completed was as follows:

Lots 246 to 251 inclusive, lots 252 to 257, inclusive, $50.00 each. Lot 245, $100.00; Lot 258, $150.00; Out-lot "A", $100.00; Out-lot "B", $100.00.

The assessment as to each lot and parcel of land in excess of the fair and reasonable value of the lots, as above indicated, is enjoined.

An entry may be prepared accordingly, saving exceptions.