**MORGAN et v AKRON (city) et**

Ohio Appeals, 9th Dist, Summit Co

No 2962. Decided Feb 8, 1938

Beery, Underwood, Ryder & Kroeg-

er, Akron, for appellees.

Wade DeWoody, Director of Law, Akron, and Harold L. Mull, Asst. Dir. of Law, Akron, for appellants.

## OPINION

By WASHBURN, J.

This is an action tried in this court on appeal on questions of law and fact, to enjoin the assessment upon the property involved for the construction of a water main along the street in front of said premises.

The evidence discloses that, up to the time of the making of this improvement, the water works department of the city of Akron had followed the policy of constructing water mains in streets and paying all of the cost of the same out of the revenue of the department, and of not providing water facilities on streets where the potential revenue was not sufficient to warrant the construction of water mains, but that, about the time of the improvement in question, the city adopted the policy of installing water mains in such streets, and assessing a part of the costs thereon on abutting property, if the property owners on the street petitioned for such improvement.

There was no such petition signed by the property owners for this improvement, although the legislation declared that it was made upon petition. However, the legislation was passed by a sufficient number of councilmen to warrant the improvement being made, if the lack of a petition had been the only defect in the proceedings.

The evidence discloses that, at the time the resolution of necessity was passed, no specifications for the improvement were on file, as required by §3816, GC., nor had any at that time been prepared, and the evidence does

32

not justify a finding that any were ever prepared.

The evidence also reveals that no estimate of the cost of the improvement was on file, as also required by said section.

It further appears that, at the time said resolution was passed, no plans or profiles of the improvement were on file, as required by said section.

The evidence also discloses that the assessment was made long after the improvement was completed, and nothing appears therein which would estop the appellants from questioning the validity of said assessment.

This court stands committed to the proposition of law contained in the second syllabus of the case of **Kasch v Akron (city), 100 Oh St 229**—to the effect that it is essential to the validity of proceedings ordering an improvement authorized by §3812, GC., that plans, specifications, estimates and profiles of the proposed improvement shall be on file in the office of the director of public service at the time of the passage of the resolution declaring such improvement necessary.

**Pardee v Cuyahoga Falls, et, 16 Abs 355.**

Having found that such essential statutory requirements were not complied with, we hold that said assessment was illegal and void. An entry may be made enjoining the collection of the assessment, as prayed for in the petition.

STEVENS, PJ, and DOYLE, J, concur.