**SWIGART, Admx., et al., Appellants, v. BARBERTON, (City) et al., Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 3329.   Decided November 1, 1940.

Beery, Underwood, Ryder & Kroeger, Akron, for appellants.

Harold J. Eckroate, City Solicitor, Barberton, for appellees.

## OPINION

PER CURIAM:

This is an appeal on questions of law and fact from the Common Pleas Court of Summit county. The cause was sub-

mitted to this court praying for an order enjoining the collection of special assessments in the city of Barberton, assessed in the year 1928 and payable in ten annual instalments, none of which were ever paid.

A careful analysis of the evidence adduced upon the trial establishes the fact that at no time before the passage of the resolution of necessity by the city council was there on file in the office of the director of public service of the city of Barberton, or elsewhere, the estimates for the proposed improvement, as required by §3816 GC.

Compliance with this section (§3816 GC, supra) has been held to be mandatory, and noncompliance with the section has been held to render the assessment invalid.

"2. It is essential to the validity of proceedings ordering an improvement authorized by §3812 GC, that plans, specifications, estimates and profiles of the proposed improvement shall be on file in the office of the director of public service in cities, or the clerk in villages, at the time of the passage of the resolution declaring such improvement necessary."

Kasch v City of Akron et al., 100 Oh St 229.

And see Morgan v City of Akron, 29 Abs 31, decided by this court.

It appears from the record that, after the expiration of the ten years allowed for the collection of the assessment, the council attempted to reassess the property, extending the time for payment for another ten years, under authority of §§2293-5j and 2293-5k GC.

The defect which we have found to exist in the proceedings in the original assessment is such as renders the assessment void, under Kasch v City of Akron, et al., supra; and, this being so, it is not within the power of the municipality to validate the assessment by a reassessment under §§2293-5j and 2293-5k GC, supra.

It is true that, as against the landowner, matters concluded by the proceedings on the original assessment do not form the basis for any objection to the reassessment, but it is also true that, as against the municipality, jurisdictional matters omitted in the original assessment proceedings cannot be remedied by a reassessment.

And for a like reason, where the original assessment is void, the municipality is precluded from making a reassessment under §3902 GC.

Pardee v City of Cuyahoga Falls, 16 Abs 355.
The prayer of the petition, enjoining the collection of the assessment, is granted.

WASHBURN, P. J., DOYLE, J., and STEVENS, J., concur.